Edwin Paul COCHRAN, H. Wadsworth Hight, and Albert M. Chandler, Executors of the Will of Alice F. Cochran, late of New Haven, Connecticut, deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 2279.

United States District Court D. Connecticut, Civil Division.

Aug. 30, 1954.

Charles M. Lyman, Bronson, Rice & Lyman, New Haven, Conn.

Jackson J. Holtz, New Haven, Conn., for plaintiffs.

Simon S. Cohen, U. S. Atty., Dist. Connecticut, Hartford, Conn., for defendant.

ANDERSON, District Judge.

Alice F. Cochran while domiciled in New Haven, Connecticut, died testate on January 24, 1939. In her will, which was admitted to probate in New Haven, she left the residue of her estate "to such charitable, benevolent, religious or educational institutions as my executors hereinafter named may determine." The original plaintiffs, the decedent's husband, Edwin Paul Cochran, her financial adviser, H. Wadsworth Hight, and her attorney, Albert M. Chandler, were the executors. Chandler died April 11, 1952, and Eva M. Chandler, Executrix of Albert M. Chandler's will, was substituted as a party plaintiff in the present action on March 1, 1954.

The Commissioner of Internal Revenue on behalf of the defendant assessed and collected an estate tax on the residuary estate in the amount of $369,180.88. Deductions claimed by the plaintiffs on the ground that the residue was intended to be left, and was in fact used, for charitable, religious and educational purposes, were disallowed because the will authorized the executors to expend the residue for "benevolent institutions", which, the defendant claimed, went beyond the deductions authorized by law. In other words the government claims that there was nothing to prevent the executors from using the whole residue for institutions which were "benevolent" and not "charitable". In the present action the executors have sued to recover the $369,180.88, which they paid.

There appears to be no dispute between the parties that one of the material issues in the case is the intention of the testatrix in her use of the word "benevolent" in the residuary clause of her will. That this is a question of fact, the plaintiffs do not deny; but the plaintiffs say it is a conclusion of fact to be drawn from subordinate facts of which a plenitude has been supplied by them in the affidavits supporting the motion. The plaintiffs further argue that the defendant has cast no doubt on the affidavits, and that "it is difficult to see how any evidence could be offered to rebut these facts."

The materials considered in connection with this motion are the pleadings, a stipulation of facts and evidence, and the affidavits of the three executors. With regard to the issue of the testatrix's intention, allegations of

the complaint supporting the claims of the executors are denied by the defendant; the stipulation of facts and evidence contain no statement or reference to the testatrix's intention or anything she said or did about the provisions of the residuary clause other than the wording of the will itself and what little may be garnered from the case of Cochran v. McLaughlin, 128 Conn. 638, 24 A.2d 836, referred to in the stipulation; therefore, the affidavits are the principal material relied upon. The evidential material and subordinate facts which they contain, however, do not lead to the conclusions claimed by the plaintiffs without the liberal drawing of favorable inferences from them. This is something the court cannot do in considering the mover's case in summary judgment. Moore's Federal Practice 2nd Edition, Vol. 6, Paragraph 56.15(3), page 2125. But even if it could, the motion should be denied. Although the defendant neither filed opposing affidavits nor set forth any reasons under Rule 56(f), 28 U.S.C.A., why affidavits were not filed, nevertheless, because the evidence on this important issue i. e. the testatrix's intent, is almost wholly in the hands of the plaintiffs and entirely under their control, the ends of justice require the safe-guards of a formal trial. The three original plaintiffs were the decedent's closest advisers; from all that appears they were her only advisers. They alone discussed with her the provisions of her will and how she wanted her property handled at her death. It was these three plaintiffs who originated the method of handling the residuary estate as set forth in her will and persuaded her to adopt it. In connection with this particular motion the plaintiffs have in effect told the defendant that they, the plaintiffs, have all the evidence in the case and defy the defendant to show anything to the contrary. This is not to say that the plaintiffs' evidence is not true or that there is strong reason at present to doubt their credibility. But the court should not find it so until the defendant has had an opportunity to cross-examine the two remaining original executors and make such attack, if any, upon their credibility as it may feel is called for and is possible within the rules of evidence. Moreover, the court should have an opportunity to observe them, hear their testimony, and itself ask such questions as it feels are necessary to determine the facts—something which cannot be satisfactorily accomplished in a case such as this by affidavits or depositions.

The motion for summary judgment is denied.