No. 41,840

George H. Offen, W. K. Thompson, Otis Lane, J. R. Terrel and Glen Allen, In Person, and For All Other Persons Similarly Situated, *Appellees*, v. The City of Topeka, and E. J. Camp, Preston O. Hale, Louis Howard, William R. Mallory and Frank J. Warren, Constituting the Board of Commissioners of the City of Topeka; The Urban Renewal Agency of the City of Topeka, and Harry Beecroft, Carl H. Elkins, Charles L. Marshall, Wayne E. Harding, Jr., and George Staebler, Jr., Constituting the Board of Commissioners of the Urban Renewal Agency, *Appellants*.

(350 P. 2d 33)

Opinion filed March 5, 1960.

*William Hergenreter*, of Topeka, argued the cause, and *William Carl Zimmerman*, city attorney, was with him on the briefs for the appellants.

*E. H. Hatcher*, of Topeka, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

Wertz, J.: This was an action brought by five plaintiffs (appellees), George H. Offen, W. K. Thompson, Otis Lane, J. R. Terrel and Glen Allen, as individuals and for all other persons similarly situated (hereinafter referred to as plaintiffs), against the City of Topeka and its named Board of Commissioners (hereinafter referred to as Commission), and the Urban Renewal Agency of Topeka and its named Board of Commissioners (hereinafter referred to as Agency), defendants (appellants), alleging, in part, that plaintiffs were the owners of real estate in that area within the city known as the "Keyway Urban Renewal Project No. Kansas R-2"; that, purporting to act under the provisions of G. S. 1957 Supp., Ch. 17, Art. 47, the Commission designated the area in

controversy as "slum and blighted," and approved an urban renewal plan for the same. Plaintiffs further alleged that at the time the Commission adopted its resolution finding all of the area slum and blighted, there were no facts before it to support such a finding; that a large number of the blocks taken into the area were neither slum nor blighted area and such a fact was a matter of common knowledge; that subsequently the Commission, by resolution, approved the plan submitted by the Agency, which plan became a project the Agency was bound to execute, and that steps were being taken to acquire plaintiffs' property by eminent domain. Plaintiffs, as property owners within the area, alleged that the Commission, in designating the area in question as slum and blighted and in approving an urban renewal plan for the area submitted to it by the Agency, acted arbitrarily, capriciously and contrary to the Urban Renewal Law (G. S. 1957 Supp., Ch. 17, Art. 47), and our state and our federal constitutions. Plaintiffs sought to have the two aforementioned resolutions set aside and declared void, and defendants enjoined from taking further action to carry out the approved plan taking the property of plaintiffs. From an order overruling defendants' demurrer to plaintiffs' petition, defendants appeal.

Defendants first contend that plaintiffs as private citizens are challenging the acts and conduct of a public body and that a private citizen who wishes to restrain the official acts of such a body must allege and prove damages to himself different in character from that sustained by the public generally; that, as a result, plaintiffs have no right to maintain this action.

In the instant case, the plaintiffs' property is being taken and demolished for the purposes of an urban renewal plan. It is not the property of the general public that is being taken, and the general public has no particular interest in the individual property of the plaintiffs. Plaintiffs alleged that the action of the Commission in passing the two resolutions taking their property was arbitrary, capricious, illegal and unlawful, and the resolutions were therefore void. Under such circumstances, we have held that where a private citizen is likely to be injured in some special manner or whose situation is peculiarly affected by the exercise of usurped authority, he may maintain an action for injunctive relief. (*Dreyer v. Siler,* 180 Kan. 765, 308 P. 2d 127; *Anderson v. Dunn,* 180 Kan. 811, 815, 308 P. 2d 154.) In *State v. Boicourt Hunting Ass'n,* 177 Kan. 637, 645, 282 P. 2d 395, we said:

"Heretofore we have stated that common-law remedies are available to landowners seeking to protect their interests in property involved in a condemnation proceeding. It follows we have no quarrel with decisions such as *Smouse v. Kansas City S. Rly. Co.*, 129 Kan. 176, 282 Pac. 183, and others of like nature cited by appellant in its brief, holding that injunction, brought by the landowner in a separate and distinct action in a court of competent jurisdiction, is a proper remedy where he contends that the condemning party is exceeding its powers, or where it is contended that the condemnation is ostensibly for a lawful purpose but really for an unlawful or improper one, such as a private use, or when an unnecessary amount of property is sought to be taken."

See also *Cline v. Kansas Gas & Electric Company*, 182 Kan. 155, 156, 318 P. 2d 1000.

Assuming that the approval of the urban renewal project by the Commission constituted a legislative finding that the area was slum or blighted, the action of the Commission was within the recognized limitations subject to judicial review. (*Housing Authority v. Denton*, 198 Va. 171, 93 S. E. 2d 288.)

Defendants next contend that there was a misjoinder of causes of action. We cannot agree with this contention. The petition alleged that the action was brought by the plaintiffs and for all other persons similarly situated. G. S. 1949, 60-413 provides that when the question is one of common or general interest of many persons, or when the parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue for the benefit of all. In the instant case, the plaintiffs were seeking to have set aside the aforementioned resolutions passed by the Commission because, under the facts as stated, they constituted the taking of their property for private use, contrary to law. If the resolutions are set aside or held void, then the entire approved project falls, and the defendants must proceed again, and without arbitrary, capricious or unlawful conduct. In this case, the unity of interest lies in the legal question involved; *i. e.*, were the heretofore mentioned resolutions passed by the Commission, resulting in the proposed taking of plaintiffs' property, arbitrary, capricious or unlawful? In the similarity of the situations of the several plaintiffs and in the fact that the character of the relief sought would be applicable to all, the case is one falling within the mentioned statute, and there was no misjoinder. (*Skinner v. Mitchell*, 108 Kan. 861, 197 Pac. 569; *Felten Truck Line v. State Board of Tax Appeals*, 183 Kan. 287, 327 P. 2d 836.) It may be stated that when an action is brought under 60-413 and there

appears to be a unity of interest in a common question of law, there is no violation of G. S. 1949, 60-601.

Defendants next contend that plaintiffs' petition as amended contained no allegations of fact upon which to base their conclusion that the Commission acted arbitrarily, capriciously and unlawfully, and that such conclusion standing alone did not state a cause of action. Defendants take too narrow a view of the allegations of plaintiffs' petition. No useful purpose would be gained by this court encumbering the record with a long statement of the allegations of the petition and the exhibits attached thereto and made a part thereof. Suffice it to say, we have carefully read the nine-page petition as amended and some 179 pages of exhibits, consisting of maps, recommendations of the Agency, the evidence submitted and presented to the Commission at the public hearing for approval of the project, and the Commission's action thereon, and have decided that the allegations of fact alleged in the petition were sufficient to state a cause of action and to base thereon the conclusion that the Commission acted arbitrarily, capriciously and unlawfully.

The facts here appear to be a matter of public, as well as private, concern and are of vital importance to both. The remaining questions, in the very nature of their character and importance, are ones that should not be determined in the absence of a full disclosure of all the pertinent facts. It would be well for the parties to join issues by proper pleadings and to have the case tried on its merits. An examination of the record discloses that the trial court did not err in overruling defendants' demurrer to plaintiffs' petition as amended. The judgment is affirmed.

It is so ordered.