No. 44,109

ELLEN J. BRICK, Individually, and ELLEN J. BRICK, as Guardian of the Estate and Person of ROBERT J. BRICK, a Minor, both doing business as BRICK'S MEN'S WEAR, *Appellants,* v. CITY OF WICHITA and THE URBAN RENEWAL AGENCY OF WICHITA, *Appellees.*

(403 P. 2d 964)

Opinion filed July 10, 1965.

*William P. Higgins,* of Wichita, argued the cause and was on the briefs for the appellants.

*Ronald H. Rogg,* of Wichita, argued the cause and was on the briefs for the appellee, The Urban Renewal Agency of Wichita.

*John Dekker,* of Wichita, was on the briefs for the appellee, City of Wichita.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action by the plaintiffs against the City of Wichita and The Urban Renewal Agency of Wichita, based upon their action in connection with the Urban Renewal Civic Center Project R-19 of the City of Wichita. In their petition the plaintiffs pray for temporary and permanent injunctions against the defendants, an order setting aside the resolution declaring the urban renewal project area (which includes the plaintiffs' property) to be slum, blighted, deteriorated or deteriorating, and for judgment against the defendants in the amount of $125,000.

[The proposed Urban Renewal Civic Center Project R-19 in Wichita consists of an area, with a few exceptions for buildings, bounded by the Big Arkansas River on the west, Main Street on the east, Waterman on the south, and Douglas Avenue on the north. It also includes a smaller area lying to the north between Douglas Avenue and First Street adjoining the other area.]

The defendants filed an answer to the petition and a motion for summary judgment, which the trial court sustained. The plaintiffs have duly perfected an appeal.

The question to be determined is whether the trial court properly sustained the motion for summary judgment.

Our decision reversing the judgment of the lower court on the ground that it erred in sustaining the appellees' motion for summary judgment was announced on the 19th day of May, 1965, and may be found in *Brick v. City of Wichita*, 195 Kan. 1, 403 P. 2d 189.

The appellants' claim for damages against the City of Wichita was dismissed in the trial court and no appeal has been taken from such order.

It was conceded by counsel for the appellees in arguing the case that the appellants' petition states a cause of action. The petition charges in substance that the Board of City Commissioners of Wichita, Kansas, on the 6th day of March, 1962, adopted a resolution declaring property occupied and operated by the appellants as slum, blighted, deteriorated and deteriorating. This finding with respect to the area in the project was a prerequisite for obtaining federal funds for use in the urban renewal project under the terms and conditions of federal statutes on urban renewal. The petition charged such finding was arbitrary and capricious and without foundation in truth and in fact. The latter allegations were denied by the answer of the appellees.

Attached to the motion for summary judgment filed by the appellees were affidavits setting forth the chronological order of steps taken by the Urban Renewal Agency of Wichita in regard to the project, and the chronological order of steps taken by the City Commission of the City of Wichita in adopting the resolution. These documents disclosed a portion of the minutes of the City Commission meeting at which the civic center project area was determined to be slum, blighted, deteriorated or deteriorating. Background information available to the commission and used as a basis for its action in making such determination was set forth in various exhibits.

Among the exhibits was the report of E. J. Waits, the city building inspector who conducted the survey which the City Commission used in making its determination.

The appellants in resisting the motion for summary judgment filed an affidavit made by E. J. Waits, which in material part reads:

"That he was on the 29th day of January, 1962, a building inspector employed by the City of Wichita, and had been so employed for some eight (8) years; that he conducted a survey of the Urban Renewal Civic Center Project Area at the request of the Urban Renewal Agency and his superiors in the Building Inspection Office, of the City of Wichita and that Affiant issued the Letter Report dated January 29, 1962, directed to Robert Des Marteau, Urban Renewal Agency, which appears as part of the Minutes of the City Commission Meeting of March 6, 1962, in which Meeting the City Commission passed the resolution designating the Urban Renewal Civic Project Area and the land contained therein as 'slum, blighted, deteriorated or deteriorating.'

"Affiant further states that prior to the time said Letter Report was issued, Affiant received instructions to conduct the inspection of the buildings located within the Urban Renewal Project Area, and was instructed by Glen Lytle and Robert Des Marteau to find the designated area and the buildings within said Area to be substandard and not conforming to the Code, without regard as to whether said buildings were sound from an engineering standpoint. These instructions came on two different occasions prior to the inspection which resulted in the Report referred to herein.

"Affiant further states that said Report is not correct insofar as ratings of structural soundness and economic rehabilitation of existing structures are concerned; that Affiant found on his inspection, from an engineering standpoint, all but five of these buildings [106 properties, mostly commercial, in the project] were sound structurally, and were structurally safe for all intents and purposes, considering the occupancy and use to which they might be put or were being put at the time of the inspection.

"Affiant further states that the rating classifications given to him by his superiors in connection with his inspection required the sub-standard ratings because according to instructions, if the buildings were nonconforming as to

recent provisions of the Building Code, each building was considered to be in poor condition, and any rehabilitations or corrections necessary in said structure were based upon the new Code and not in consideration of sound engineering practice.

"Affiant further states that the inspection he was ordered to make was ex post facto and a sham inspection, to be made for the purpose of designating the particular area being inspected as being 'slum, blighted, deteriorated and deteriorating' for qualification under Urban Renewal standards, and not made for the purpose of determining if the area was in fact substandard, slum or blighted. Affiant further states that the area is not blighted, slum or deteriorated as these terms are customarily used in relation to other zones in downtown Wichita.

"Affiant further states that Building Code requirements are not a valid basis for determining structural stability, deterioration, slum or blight.

"Affiant further states that even recently constructed buildings where building code exceptions have been agreed to by the City which keep said structure from strict compliance with the Building Code, would have to be rated as 'poor' under the standards given to him to rate the area designated for said Urban Renewal Project."

The appellants also filed an affidavit of Robert H. Nelson, an attorney, who stated that his client, Walker Brothers, Inc., was informed by the urban renewal agency that property owned by it on Water Street, within the designated area, could be excluded from or included in the project area; that it would be up to Walker Brothers.

Subsequent to the filing of the motion for summary judgment and supporting affidavits, the appellants filed a motion for production of documents and things, and a notice to take the deposition of E. J. Waits, but the trial court refused to continue the hearing on the motion. (See, K. S. A. 60-256 [f].)

The motion for summary judgment recited that there was no genuine issue as to any material fact. The trial court upon presentation of the motion considered the only question to be "whether or not the commissioners acted arbitrarily, capriciously, fraudulently, illegally or unlawfully."

The trial court in sustaining the motion for summary judgment held there was no genuine issue as to any material fact. In so determining the trial court gave its opinion which consisted of approximately eight pages in the record. The opinion discloses that he made findings of fact and in so doing considered his personal knowledge, indicating that he would have been a better witness for the appellees than an impartial judge in the case.

This court has recognized in urban renewal projects that where a

private citizen is likely to be injured in some special manner, or whose situation is peculiarly affected by the exercise of usurped authority, he may maintain an action for injunctive relief. (*Offen v. City of Topeka,* 186 Kan. 389, 350 P. 2d 33.)

The issue presented in the *Offen* case was whether the action taken by the Commission in passing the two resolutions taking the plaintiff's property was arbitrary, capricious and unlawful. There the petition, as challenged by demurrer, was said to state a good cause of action.

In the court's opinion it was said:

"Assuming that the approval of the urban renewal project by the Commission constituted a legislative finding that the area was slum or blighted, the action of the Commission was within the recognized limitations subject to judicial review. (*Housing Authority v. Denton,* 198 Va. 171, 93 S. E. 2d 288.)" (p. 391.)

A motion for summary judgment is relatively new to Kansas law. It was enacted as a part of the Kansas Code of Civil Procedure which became effective January 1, 1964. K. S. A. 60-256 is identical to the federal provision contained in Rule 56 (28 U. S. C. A.) of the Federal Rules of Civil Procedure.

K. S. A. 60-256 (c) provides in part:

". . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ."

Federal cases are helpful in applying the summary judgment section of the statute. In *Schreffler v. Bowles,* 153 F. 2d 1 (10th Cir. 1946), the court said:

"The salutary purpose of Rule 56 is to permit speedy and expeditious disposal of cases where the pleadings do not as a matter of fact present any substantial question for determination. Flimsy or transparent charges or allegations are insufficient to sustain a justiciable controversy requiring the submission thereof. The purpose of the rule is to permit the trier to pierce formal allegations of facts in pleadings and grant relief by summary judgment when it appears from uncontroverted facts set forth in affidavits, depositions or admissions on file that there are as a matter of fact no genuine issues for trial." (p. 3.)

In *Whelan v. New Mexico Western Oil and Gas Company,* 226 F. 2d 156 (10th Cir. 1955), the court said:

". . . The purpose of the rule is to make possible the expeditious disposition of cases in which there are no genuine issues of material fact upon which the outcome of the litigation depends. But the procedure is to be

invoked with due caution to the end that litigants may be afforded a trial where there exists between them a bona fide dispute of material fact or facts. Where it appears however that there is no genuine issue as to any material fact upon which the outcome of the litigation turns, the case is appropriate for disposition by summary judgment and it becomes the duty of the court to enter such judgment. And in determining whether a motion for summary judgment is well founded, the court may pierce formal allegations of fact in pleadings and determine from the entire case whether there are genuine issues of fact for resolution on a formal trial. . . ." (p. 159.)

A summary judgment proceeding is not a trial by affidavits, and the parties must always be afforded a trial when there is a good faith dispute over the facts. (*United States v. Kansas Gas and Electric Company*, 287 F. 2d 601 [10th Cir. 1961].) A motion for summary judgment cannot be made a substitute for a trial either before a court or jury, and a plaintiff who states a cause of action which entitles him to a trial by jury is entitled to have his case tried in that way and cannot be compelled to submit his evidence in the form of affidavits in resistance to a motion for summary judgment and have the issues determined by such motion. (*United States v. Broderick*, 59 F. Supp. 189 [D. C. Kan. 1945].)

A court should be cautious in granting a motion for summary judgment where a state of mind is involved, or where the facts are peculiarly in the knowledge of the moving party, and the court should be sure that the party opposing the motion has a fair opportunity to use the discovery process to probe his opponent's mental state and to examine the facts his opponent has at hand. (3 Barron and Holtzoff, Federal Practice and Procedure, § 1232.2, p. 111; *Somers Construction Co. v. Board of Education*, 198 F. Supp. 732 [D. N. J. 1961]; and *Cochran v. United States*, 123 F. Supp. 362 [D. Conn. 1954].)

Ordinarily a motion for summary judgment should not be granted so long as pretrial discovery remains unfinished. (*Smith-Corona Marchant, Inc. v. American Photocopy Equip. Co.*, 217 F. Supp. 39 [S. D. N. Y. 1963].)

A mere surmise or belief, no matter how reasonably entertained, that a party cannot prevail upon a trial, will not justify refusing him his day in court with respect to material issues which are not clearly shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them. It must be shown conclusively that there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law. (*Ford v. Luria Steel & Trading Corp.*, 192 F. 2d 880 [8th Cir. 1951].)

A summary judgment upon motion of the defendant should therefore never be entered except where the defendant is entitled to its allowance beyond all doubt, and only where the conceded facts show the defendant's rights with such clarity as to leave no room for controversy, with all reasonable doubts touching existence of a genuine issue as to a material fact resolved against the movant, and giving the benefit of all reasonable inferences that may reasonably be drawn from the evidence to the party moved against. (*Realty Investment Co. v. Armco Steel Corp.*, 255 F. 2d 323 [8th Cir. 1958].)

It has been held on a defendant's motion for summary judgment that an affidavit supporting the motion should not be considered in the absence of an opportunity for plaintiffs to prepare by discovery procedure to meet the issues raised thereby. (*Hathaway Motors v. General Motors Corporation*, 19 F. R. D. 359 [D. Conn. 1955].)

Turning now to the facts in the instant case they disclose that a definite issue was framed by the pleadings—whether the action of the City Commission of Wichita in finding the appellant's property to be slum, blighted, deteriorated or deteriorating, upon which their resolution approving the urban renewal project was based, was in fact arbitrary, capricious and unlawful. The supporting affidavits filed by the appellees and the counter affidavits filed by the appellants, under the foregoing rules in determining a motion for summary judgment, did not convert the action into a trial by affidavits. The affidavit of E. J. Waits filed by the appellants in an effort to resist the motion for summary judgment was sufficient to keep the issue alive. Furthermore, the appellants had not had an opportunity to exhaust pretrial discovery which they sought.

Under these circumstances, it was clearly erroneous to sustain a motion for summary judgment.

The appellees in their brief seek to have numerous other questions determined on this appeal, all of which on the present state of the record would be purely academic. The material questions to be determined in cases of this type should be resolved upon the basis of live facts and circumstances which have been sufficiently developed to enable the court to be reasonably certain it is making a correct decision.

We therefore decline to resolve the remaining questions in the absence of a full disclosure of all the pertinent facts.

The judgment of the lower court is reversed.