No. 45,983

Lizzie Bohan Harper, *Appellant,* v. Jack J. Kuntz and Mary E. Kuntz, *Appellees.*

(485 P. 2d 190)

Opinion filed May 15, 1971.

*Wilmer E. Goering,* of Clarkson, Goering and Silver, of Wichita, argued the cause, and *Earl M. Clarkson, Jr.* and *Michael J. Silver,* of the same firm, were with him on the brief for the appellant.

*H. E. Jones,* of Hershberger, Patterson, Jones and Thompson, of Wichita, argued the cause, and *Greer Gsell,* of the same firm, was with him on the brief for the appellees.

The opinion of the court was delivered by

Schroeder, J.: This is a negligence action brought by the plaintiff to recover for injuries sustained as a result of a fall from an inadequately lighted step while on the defendants' premises   The trial court sustained a motion for summary judgment and appeal has been duly perfected.

The controlling question on appeal is whether the state of the

record is sufficient to warrant the disposition of the case by a motion for summary judgment.

At the time the motion for summary judgment was interposed the pleadings were on file, pretrial had been conducted and the deposition of the plaintiff had been taken.

At all times material hereto the defendants owned and, together with four of their children, occupied the premises next door to the plaintiff.

During the early part of the month of December, 1966, a party was planned for Patsy Kuntz, the eldest daughter of the defendants, to be held at the Kuntz home on the evening of December 14, 1966. The plaintiff alleged in her petition that she had previously been invited *by the defendant, Mary E. Kuntz,* to attend a "Stanley Party" on that evening, when she was caused to step and fall off the porch stairs onto an open and unprotected area and across a framework of metal chair backs stuck into the ground alongside and in front of the residence, by reason of the negligent conduct of the defendants in failing properly to protect, light and guard the same and in failing to warn the plaintiff of the dangers and hazards thereof. As a result the plaintiff sustained personal injuries.

When the plaintiff was asked in her deposition to explain what a "Stanley Party" was like, she said:

"A. Oh, they have all kinds of things they want to sell, you know, even sprays for the house and cologne and different stuff of that nature.

"Q. Well, this is held as a little social gathering?

"A. Yes.

"Q. In someone's home, is that correct?

"A. Yes, that's right.

"Q. And someone—and this is the way someone sells goods?

"A. Yes. They insisted.

"Q. And the person who has the party may reap some kind of benefit from it?

"A. Yes, they get a little extra bonus.

"Q. And they invite their friends in?

"A. And they also get a bonus if they get somebody else to give one of the parties."

In her deposition the plaintiff testified that a week or so before the time for the party, the defendants' daughters—the two younger girls, Mary, age 9, and Kathleen, age 13—expressly invited the plaintiff to attend the party. Again on the day of the party the two younger girls came to Mrs. Harter's home and insisted on her coming to the party.

Mrs. Harter went to the defendants' home at approximately 7 o'clock. It was after dark. When she arrived at the party she was served refreshments, visited a bit, was shown the merchandise, made some purchases, and was the first to leave the party about 9 o'clock.

When the plaintiff left the party Kathleen accompanied her through the front door which opened onto a covered porch across the front of the house. The steps leading off the porch were about four in number, there was no hand rail, and at the foot of the steps was a concrete platform. As the plaintiff stepped off the platform she fell. The large porch light, which ordinarily illuminated the area, had been removed and replaced with a connection to run a string of small colored Christmas lights across the front of the porch. A large evergreen tree cast a shadow across the area where the plaintiff fell.

The motion alleged the deposition of the plaintiff and the admissions of the parties left no question concerning any material fact relative to the plaintiff's relationship to the defendants while on their premises in dispute, in that the plaintiff's visit was purely social.

At the pretrial conference the parties announced the factual issues in the case to be *the negligence of the defendants,* if any, and the contributory negligence of the plaintiff, if any. The plaintiff maintained that the defendants failed to keep their property in a reasonably safe condition in that they did not maintain sufficient lighting. The defendants maintained that the plaintiff herself refused aid and assistance and failed to keep a proper lookout for her own safety.

A further factual issue was the status of the plaintiff upon the defendants' property—whether she was "a social guest or a business invitee or licensee."

The appellant contends the trial court erred in finding the plaintiff's relationship to the defendants while upon the defendants' premises to be purely social—thereby making her legal status that of a licensee. The appellant argues she was a business invitee as to the appellees, relying upon *Graham v. Loper Electric Co.,* 192 Kan. 558, 389 P. 2d 750; and *Lemon v. Busey,* 204 Kan. 119, 461 P. 2d 145.

A person's status when entering upon the property of another by invitation is determined by the purpose for which the person comes upon the property. (*Lemon v. Busey,* supra.)

To support the appellant's position that she was a business invitee, counsel for the appellant in his brief argues concerning the "Stanley Party:"

"Such a merchandising plan is not new. However, it has recently gained considerable popularity and continues to do so. It has become big business. Large organizations are using this method or merchandising solely for the selling of household goods, cookware, toiletries, cosmetics, clothing and many other articles. Many persons are engaged on a full time basis to assist hostesses to arrange 'parties' where their wares may be displayed and hopefully sold to the persons invited to the party.

"This, appellant urges, is business, big business, and not social in purpose. The fact that it is held in one's home, usually in the evening hours and in a relaxed or informal atmosphere does not detract from the real and true reason for the 'party.'

"The motive of the company representative in assisting the host in arranging the party certainly would bear the marks of having a business purpose.

"The prime purpose of the host in having the party was to 'obtain bonuses,' again more of a business purpose, and, appellant submits the purpose in her being there was to view the merchandise for sale for the purpose of enticing her to make a purchase, which she did."

The evidence ultimately presented at the trial of the case may confirm the appellant's position as to the business nature of a "Stanley Party," and the purpose for which the appellant attended, but the record at this point in the proceeding is not sufficient to establish these facts. Certainly the court cannot take judicial notice of these facts. In other words, a factual issue as to the status of the appellant on the appellees' premises remains to be determined.

In *Brick v. City of Wichita,* 195 Kan. 206, 403 P. 2d 964, it was held:

"Where a motion for summary judgment is sought, the provisions of K. S. A. 60-256 (c) authorize the judgment to be rendered forthwith if the pleadings, depositions, answers' to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Syl. ¶ 1.)

While the appellees concede the appellant is entitled to have her claim submitted to a jury if she was their "invitee" at the time of the injury, they argue that a business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land, citing *Lemon v. Busey,* supra. While the appellees concede they were unquestionably possessors of the land within the meaning of the foregoing rule, it is argued the appellant was invited to

enter the appellees' land by their daughters, who, by the appellant's own testimony, had organized and hosted the party, invited the appellant, and received whatever "bonus," if any, was distributed by the selling company. They argue there is no evidence that the appellees, or either of them, had any connection whatsoever, either direct or indirect, with the party other than allowing their daughters the use of their residence. The appellees contend they simply had no dealings, business or otherwise, with the appellant in this matter, and as to them the appellant could not have been a "business visitor" as defined in our cases.

The appellees' assumption from the appellant's deposition that the daughters of the appellees had organized and hosted the party is too broad.

At the pretrial, and made a part of the pretrial order, the appellant announced she would use as witnesses herself, her husband, five members of the Kuntz family (naming them) including the appellees, and Dr. A. J. Wray. The appellees announced they would use all of the same witnesses.

The appellees argue they took the appellant's deposition and no further discovery was conducted by either party. They contend at no time did the appellant request or conduct any further discovery or file any affidavits in opposition to the appellees' motion for summary judgment. On this point the appellees conclude:

"Having made no attempt to oppose defendants' Motion with additional evidence, plaintiff cannot now complain, and must be bound by the evidence in the Record on Appeal which contains no genuine issue of a material fact."

We fail to see merit in the foregoing argument of the appellees.

It has heretofore been said that a motion for summary judgment cannot be converted into a trial by affidavits. When there is a good faith dispute over the facts the parties must be afforded a trial at which the evidence is presented and the live facts determined. (*Brick v. City of Wichita*, supra.)

In view of the allegations of the petition, and the issues framed at the pretrial conference, we have carefully examined the appellant's testimony as recorded in her deposition to determine whether the appellant has in any manner negated the charges made by her.

At no time during the taking of the deposition was any inquiry made of the appellant as to her purpose in attending the party; nor was there inquiry as to the presence of Mr. and Mrs. Kuntz (the appellees) at the party. No inquiry was made as to any au-

thorization or directive given by the appellees to their daughters, who were minors, concerning the party. The deposition is devoid of any such testimony, but it is conceded the appellees possessed the premises upon which the party was conducted. That being true, the trial court had before it material allegations set forth in the petition, controverted by the appellees' answer, which were followed by a pretrial order delineating the factual issues.

In proceeding on a motion for summary judgment K. S. A. 60-256 (c) provides in pertinent part:

". . . The adverse party prior to the day of hearings *may* serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, . . . on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." (Emphasis added.)

Since the allegations of the appellant's petition, and the issues defined in the pretrial order, were not negated by the deposition of the appellant's testimony, and the motion for summary judgment was not supported by any other testimony, there would be no occasion for the appellant to file an affidavit.

On similar facts a motion for summary judgment was held improper in *Horvath v. Fisher Foods, Inc.,* 28 Ohio Op. 2d 113, 93 Ohio L. Ab. 182, 194 N. E. 2d 452, 99 A. L. R. 2d 721.

Here the petition named Jack J. Kuntz and Mary E. Kuntz (appellees), the father and mother of Mary, Kathleen and Patsy, as the defendants and charged them with negligence. The pretrial order stated as one of the factual issues to be determined at the trial the negligence of the defendants, if any, in failing to maintain their property in a reasonably safe condition in that they did not provide sufficient lighting.

The deposition of the appellant, in view of the foregoing discussion, would not preclude evidence at the trial showing that the "Stanley Party" was conducted as a family venture for which the appellees would be responsible. But it is unnecessary to speculate as to what course the evidence on this point may eventually take; needless to say, the factual issue is still undetermined. Undoubtedly at the trial testimony of the members of the Kuntz family, whom the appellant named as witnesses at the pretrial conference, will supply the testimony to resolve this issue.

On the record here presented a motion for summary judgment is unwarranted.

The judgment of the lower court is reversed.