No. 47,998

Motors Insurance Corporation, *Appellee*, v. Glenn E. Richardson, *Appellant*.

(552 P. 2d 894)

Opinion filed July 23, 1976.

*Ronald L. Bodinson*, of Payne & Jones, Chartered, of Olathe, argued the cause, and *J. Eugene Balloun*, of the same firm, was with him on the brief for the appellant.

*Rod L. Richardson*, of Wallace, Saunders, Austin, Brown & Enochs, of Overland Park, argued the cause, and *James O. Schwinn*, of the same firm, was with him un the brief for the appellee.

*Per Curiam:* This action seeks to obtain possession of a Cadillac coupe or, in the alternative, to recover its value. The trial court entered summary judgment for the plaintiff (sometimes referred to herein as Motors) in the sum of $5,800.00 as representing the value of the car, plus interest from September 2, 1972. The defendant, Glenn E. Richardson, has appealed.

In its petition, the plaintiff alleged that it owned the Cadillac car which was worth $6,000.00; that about September 27, 1973, it demanded possession thereof from Dr. Richardson; that the demand was refused: and that Richardson unlawfully detained the car. In response, the defendant denied these specific allegations.

By way of background, it appears from defendant's answers to interrogatories that he bought the car on a weekend from a dealer who gave him a bill of sale and told him the title certificate was in the bank and would be delivered when the bank opened. The certificate was never delivered as promised, the dealer flew the coop and Richardson later sued the Motor Vehicle Department together with the vanished car dealer. As a result of that lawsuit a certificate of title was issued to him.

Dr. Richardson demanded trial by jury and the court set the case for trial on March 26, 1975. Eight days prior thereto Motors filed a motion for summary judgment to which were appended a memorandum of law and two exhibits, one being a purported photocopy of a Minnesota certificate of title, the other being a copy of plaintiff's demand for possession of the car. On the date

set for trial the court took up the motion for summary judgment, gave defendant a number of days to respond thereto and continued the jury trial.

Subsequently, the trial court sustained plaintiff's motion for summary judgment. The journal entry, prepared by plaintiff at the court's direction, contained findings of fact to which the defendant objected at the time, as being unsupported by the record.

Two points are presented on appeal: The trial court erred in sustaining Motors' motion for summary judgment (1) because the same was not timely filed and (2) because there were unresolved controlling issues of fact. Point two will first be considered.

Rules governing the entry of summary judgment are spelled out in *Brick v. City of Wichita,* 195 Kan. 206, 403 P. 2d 964, where the court held:

"Where a motion for summary judgment is sought, the provisions of K. S. A. 60-256 (c) authorize the judgment to be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Syl. 1.)

*Brick* has frequently been cited in subsequent opinions, and its precepts have uniformly been followed. The case of *Kern v. Miller,* 216 Kan. 724, 533 P. 2d 1244, is illustrative:

"Summary judgment is authorized in K. S. A. 60-256. We have repeatedly stated that in accord with subsection (c) thereof, before a motion for summary judgment may be granted the record before the court must show conclusively that there remains no genuine issue as to material fact, . . . A court should never attempt to determine the factual issues on a motion for summary judgment, but should search the record for the purpose of determining whether factual issues exist. . . ." (p. 727.)

K. S. A. 60-256 (c) provides that summary judgment shall be rendered forthwith if the *pleadings, depositions, answers to interrogatories* and *admissions on file,* together with the *affidavits, if any,* show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. It is defendant's position that two issues of fact remained undecided when summary judgment was rendered: (1) ownership of the automobile (defendant pointing out that in replevin actions the plaintiff must recover on the strength of his own title, not the weakness of his adversary's, *Rauh v. Dumler,* 170 Kan. 698, 702, 228 P. 2d 694; *Herl v. State Bank of Parsons,* 195 Kan. 35, 39, 403 P. 2d

110), and (2) the value of the car as of the date of the alleged conversion.

We believe defendant's position is well taken. There were no depositions, no affidavits, no admissions on file. Only the pleadings and the defendant's answers to interrogatories were before the court when summary judgment was entered and those were insufficient, in our opinion, either to establish plaintiff's title to the car, or to prove its value.

Plaintiff argues that a purported photocopy of a Minnesota certificate of title, attached to the motion for summary judgment, was sufficient to support the court's finding of ownership, citing K. S. A. 60-460 (q). This statute does not appear applicable, for it relates to original records, not copies. Judge Gard in his authoritative work, Kansas Code of Civil Procedure Annotated, Sec. 60-460 (q), p. 486, says this statute announces a special exception to the hearsay rule by making the *original record* available to prove, not only the content of the recorded instrument, but also execution and delivery, and is properly limited to instruments such as deeds, wills, mortgages, leases and the like. The statute also requires the court to make certain findings, which it did not do.

Furthermore, K. S. A. 60-461 provides in substance that any writing admissible under 60-460 (q) shall be received only if the offeror has delivered a copy to the adverse party a reasonable time before trial unless the judge finds the latter has not been unfairly surprised. The record contains no showing when, or if, a copy was served on defendant, nor is there a finding that defendant was not unfairly surprised by failure to receive a copy.

Under the provisions of K. S. A. 60-464 authentication of a writing is required before it may be received in evidence. K. S. A. 60-465 governs the authentication of copies of official records and none of its requirements are shown to have been met in this case. The purported copy bears no attestation or certification of any kind. Judge Gard's commentaries on the foregoing statutes are enlightening and are found on pp. 506-507, Kansas Code of Civil Procedure Annotated, supra.

We proceed to the question of value. The sole reference to value appears in the petition filed by Dr. Richardson in his Johnson County action to obtain a certificate of title. In that case he alleged he paid $5,800.00. However, the record in the case at hand indicates that Richardson's petition in the Johnson County matter was never

placed in evidence in the court below, but was included in the appellate record only because of Motors' counter designation. Hence there was no evidence before the trial court upon which any value could have been predicated, let alone a value of $5,800.00.

Moreover, while evidence of cost may be admissible on the question of actual worth when property is without market value, cost is only one of the considerations tending to show value, and it is subject to proper rebuttal. (*Walker v. Fleming Motor Co.,* 195 Kan. 328, 332, 333, 404 P. 2d 929, and authorities cited therein.)

Motors had alleged the reasonable value of this Cadillac to be $6,000.00. This was denied by Richardson. Value was thus placed in issue and the defendant was entitled to be heard on the subject, regardless of what it may have cost him. The trial court's summary action deprived Richardson of any opportunity to be heard as to value.

In our opinion the trial court erred in rendering summary judgment in this case even though it may have believed the defendant would be unable to prevail upon trial. In *Brick v. City of Wichita,* supra, we spoke on this subject:

"A mere surmise or belief, no matter how reasonably entertained, that a party cannot prevail upon a trial, will not justify refusing him his day in court with respect to material issues which are not clearly shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them. It must be shown conclusively that there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law. (*Ford v. Luria Steel & Trading Corp.,* 192 F. 2d 880 [8th Cir. 1951].)" (p. 211.)

In view of our decisions as to defendant's second point of error, we find it unnecessary to discuss his first point.

The judgment of the court below is reversed and the case is remanded for further proceedings.