(601 P.2d 17)

No. 50,603

ELLA OGDEN, *Appellant*, v. REGINALD L. ZEMAN, Individually and d/b/a BROKEN SPOKE TAVERN, *Appellee*.

Opinion filed October 15, 1979.

*Ross J. Wichman*, of Ryan, Kent & Wichman, Chartered, of Hays, for the appellant.

*Thomas L. Toepfer*, of Dreiling, Bieker & Kelley, of Hays, for the appellee.

Before SWINEHART, P.J., ABBOTT and PARKS, JJ.

PARKS, J.: Plaintiff Ella Ogden brought this action against Reginald Zeman to recover for injuries she suffered while dancing at Zeman's place of business, the Broken Spoke Tavern in Schoenchen, Kansas. The trial court granted defendant's motion for summary judgment on the ground that plaintiff's status was that of a licensee, and as such, the only duty that was owed her was to refrain from willfully, intentionally or recklessly injuring her. Plaintiff appeals.

The Broken Spoke Tavern occupied a portion of the building, with a second large room being used for dances. Access to the tavern from this room was through a set of double doors. There was also an outside door to the party room, making it possible to enter the room without going through the tavern.

Ella Ogden, who lived in Wichita, received a personal invitation from her cousin, Norman Matal, to attend a wedding anniversary party for his parents on May 1, 1976. The day-long festivities were to culminate in a dance that night at the Broken Spoke, where Matal had rented the party room.

While doing a polka, which was the second or third dance of the evening, Mrs. Ogden slipped and fell. She, as well as other guests, had noticed that the dance floor at the outset had been "sticky," a condition which was remedied by the application of a powdered wax. Accounts differ as to who applied the floor wax — Zeman said it was Matal; Matal stated that Zeman did it;

Helen Pfeifer stated that Norman Matal put the wax on the floor and that she told him, "Don't put it on too heavy." In either case, the dance in which Mrs. Ogden fell was the first one following the use of the wax. It is undisputed that Mrs. Ogden did not enter into nor buy anything from the tavern on that evening.

The central issue is whether the plaintiff's status at the time of her injury was that of a business invitee or that of a social guest (a licensee). In *Zuther v. Schild*, 224 Kan. 528, 581 P.2d 385 (1978), our Supreme Court said:

"[A]n invitee is one who enters or remains on the premises of another at the express or implied invitation of the possessor of the premises *for the benefit of the inviter, or for the mutual benefit and advantage of both inviter and invitee.* An occupier of land must exercise reasonable care for an invitee's safety. The occupier must protect and warn the invitee of any danger which may be reasonably anticipated.

"A licensee is one who enters by virtue of either express or implied consent of the possessor of the premises, but the benefit requirement is absent. A social guest has the status of a licensee. An occupier of land owes a licensee only a limited duty: to refrain from willfully or wantonly injuring the visitor.

"An invitee is often referred to as a 'business visitor.' The *benefit* necessary to convert a licensee to an invitee is ordinarily a business, economic, pecuniary or commercial benefit. Emotional or psychological benefit, such as one might gain when visiting or attending social gatherings in the home of friends, is not sufficient, else every licensee would become an invitee." (p. 529.)

There is no merit in plaintiff's contention that her status changed from a social guest (licensee) to an invitee because the adjoining tavern was open to the public and the Matal private party for the purchase of beer, setups, pop, cigarettes and candy. The benefit requirement was absent because the plaintiff did not purchase anything from Zeman, nor did Zeman receive any economic benefit of any other kind from her.

A second means of determining the status of a person entering upon the property of another by invitation is tested by the purpose for which the person comes upon the property. *Harter v. Kuntz*, 207 Kan. 338, Syl. ¶ 1, 485 P.2d 190 (1971). Plaintiff's own deposition testimony that she was there to celebrate the anniversary of Mr. and Mrs. Henry Matal at the written invitation of Norman Matal, indicates a social purpose.

Under either test, we hold that the plaintiff here was a social guest at the time of her injury. Having determined that plaintiff was but a social guest, and therefore a licensee, the only duty owed to her was to refrain from willfully, intentionally, or reck-

lessly injuring her. *Gerchberg v. Loney,* 223 Kan. 446, 448, 576 P.2d 593 (1978), and cases cited therein. Since the application of wax to the floor involved at most simple negligence, it was proper for the trial court to enter summary judgment for the defendant.

Plaintiff argues that a material fact remains unresolved in that defendant had denied any commercial usage of the tavern by the Matal party while the evidence showed that some of them, as well as the general public, did in fact patronize the tavern during that evening. She claims that when a good faith dispute over the facts exists, the parties must be afforded a trial and thus the trial court prematurely granted summary judgment in this case. Disputed facts which are immaterial to a controlling issue do not preclude summary judgment. *Hiett v. Brier,* 2 Kan. App. 2d 610, 615, 586 P.2d 55, *rev. denied* 225 Kan. 844 (1978), and cases cited therein. The issue of how much the defendant may have benefited economically from some of the other Matal guests does not affect plaintiff's position as a social guest (licensee) because she herself did not patronize any part of defendant's establishment except the rented dance room, and her sole purpose was to attend the anniversary dance. We cannot say that this is a "material" fact so as to prevent the rendition of summary judgment. K.S.A. 60-256(*c*).

Judgment is affirmed.