**SMITH–CORONA MARCHANT, INC.,**
Plaintiff,

v.

**AMERICAN PHOTOCOPY EQUIPMENT COMPANY, Defendant.**

United States District Court
S. D. New York.
March 14, 1963.

See also 214 F.Supp. 348.

Sullivan & Cromwell, New York City, for plaintiff. Marvin Schwartz and Bartlett A. Jackson, New York City, of counsel.

Curtis, Morris & Safford, New York City, for defendant. William C. Conner, New York City, of counsel.

PALMIERI, District Judge.

The defendant moves for summary judgment dismissing Count II of the complaint in which it is charged with having violated Section 7 of the Clayton Act [1] through the acquisition of the assets of a patent holding company, including the "Eisbein" patent relating to photocopy machines using the method known as the diffusion-transfer-reversal process (diffusion process). The defendant's acquisition followed a decision of the Seventh Circuit upholding the validity of the patent and its infringement by defendant. Copease Mfg. Co. v. American Photocopy Equip. Co., 298 F.2d 772 (7th Cir., 1961). The defendant has been engaged in the manufacture and sale of photocopy machines utilizing the diffusion process since 1952. The plaintiff, a manufacturer of typewriting and business machines, entered the photocopy machine field in 1960 and has become an active competitor of defendant. Indeed, the defendant's former Secretary and National Sales Manager has now become plaintiff's Vice President in Charge of Marketing, and fifty or more sales execu-

---

1. 15 U.S.C. § 18. Section 7 provides:

"No corporation engaged in commerce shall acquire, directly or indirectly, the whole or any part of the stock or other share capital and no corporation subject to the jurisdiction of the Federal Trade Commission shall acquire the whole or any part of the assets of another corporation engaged also in commerce, where in any line of commerce in any section of the country, the effect of such acquisition may be substantially to lessen competition, or to tend to create a monopoly."

tives and salesmen who had worked for defendant are now employed by plaintiff. Moreover, plaintiff is seeking by Count I of its complaint before this Court, a declaratory judgment that the Eisbein patent is invalid, or, if valid, not infringed by it.

■■ Whether the acquisition of the assets of the patent holding company by defendant constituted a violation of Section 7 of the Clayton Act turns on plaintiff's ability to prove that such acquisition was part of a purpose or plan, the effect of which "may be substantially to lessen competition." [2] One must begin with the basic premise that the grant of patent rights, which are essentially limited monopolies, is authorized by the Constitution and the Patent Code, while monopolization and impairment of competition are condemned by the Sherman and Clayton Acts. Because the economic factors surrounding the accumulation of patents are generally complex, the area of conflict must necessarily be resolved on a case by case basis. Here, as elsewhere in the field, the legality of the situation must be determined on its own peculiar facts. See United States v. Aluminum Co. of America, 148 F.2d 416 (2d Cir., 1945); United States v. Besser Mfg. Co., 96 F.Supp. 304 (E.D.Mich. 1951), aff'd, 343 U.S. 444, 72 S.Ct. 838,

96 L.Ed. 1063 (1952); United States v. L. D. Caulk Co., 126 F.Supp. 693, 705 (D.Del.1954).

■ This Court has twice postponed its decision on this motion to permit plaintiff to complete the inspection it desired of defendant's files.[3] Plaintiff was afforded an extensive opportunity of inspection of defendant's files and ample time to present proof of its allegations. This inspection has now been completed and it is clear that plaintiff is presently unable to sustain the allegations of its complaint. In effect, this is conceded in its brief.[4]

■ However, it would be premature and unwise to grant defendant's motion as long as pre-trial discovery remains unfinished. Great caution should be exercised in the granting of motions for summary judgment,[5] as decisions on the merits must abide a full appraisal of all the relevant facts and issues. Until the pre-trial phases of the case, and in particular pre-trial discovery are complete, such an appraisal cannot be made.[6]

Accordingly, the motion for summary judgment as to Count II of the complaint is denied, but without prejudice to its renewal after plaintiff has completed its pre-trial discovery, or has been afforded ample opportunity by defendant to do so.

It is so ordered.

---

2. Brown Shoe Co. v. United States, 370 U.S. 294, 82 S.Ct. 1502, 8 L.Ed.2d 510 (1962).

3. See Memoranda of this Court dated January 8 and January 28, 1963.

4. Brief of Feb. 21, 1963, at p. 2:

However, as we pointed out in our previous papers submitted in opposition to this motion, the files of an acquiring company are only one of the sources of evidence indicating the effect of a merger. Indeed, they are often the least fruitful source of such evidence.

The contention that Section 7 of the Clayton Act has been violated by an acquisition of stock and assets must be

supported by a detailed analysis of the market and potential market for the relevant product. To this end it is plaintiff's intention to develop the required analysis by conducting depositions of defendant and others as well as interviewing persons who may have knowledge of the market. Documents from the acquiring company's files are only the starting point for such an analysis.

5. Doehler Metal Furniture Co. v. United States, 149 F.2d 130, 135-136 (2d Cir., 1945).

6. Cf. Nagler v. Admiral Corp., 248 F.2d 319 (2d Cir., 1957).