No. 44,229

Dora M. Hartman, *Appellant,* v. Walter G. Stumbo, *Appellee.*

(408 P. 2d 693)

Opinion filed December 11, 1965.

*Fred W. Phelps,* of Topeka, argued the cause and was on the brief for the appellant.

*Charles S. Fisher, Jr.,* of Topeka, argued the cause, and *O. B. Eidson, Philip H. Lewis, James W. Porter, William G. Haynes, Peter F. Caldwell, Roscoe E. Long, R. Austin Nothern,* and *Brock R. Snyder,* all of Topeka, and *Harry W. Colmery, W. Kenneth Wilke,* and *Myron L. Listrom,* of Counsel, were with him on the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: This appeal involves the application of statutes of limitation to a damage action brought by appellant against appellee, her former attorney.

Appellant's petition, filed August 12, 1964, alleged in substance that on March 23, 1961, she consulted appellee about preparing her will; that appellee falsely and fraudulently represented to her that because her husband, James C. Hartman, had recently died intestate she could not execute a will until her husband's estate was first probated, although appellee knew her husband had died intestate

and that all property owned by him and appellant was held in joint tenancy, and appellee allowed appellant to be in litigation in the Probate Court of Shawnee County, Kansas, in case No. 26,414, entitled In the Matter of the Estate of James C. Hartman, Deceased, in which case appellee received a fee of $3,500.00; appellant further alleged she did not discover the fraud of appellee until the month of September, 1962. She claimed recovery of the $3,500.00 as actual damages, plus punitive damages for wrongful conduct, and she concluded her petition with the allegation "That in the alternative plaintiff is entitled to recover the said $3,500.00 from defendant upon a theory of unjust enrichment, *quantum meruit*, or some similar theory. . . ."

An answer to this petition was promptly filed, consisting of a general denial and further the defense that the alleged claim was barred by the statute of limitation. Soon thereafter the deposition of appellant was taken at which time certain exhibits including the files in the Probate Court of Shawnee County, Kansas, concerning the estate of appellant's deceased husband were made a part of the deposition. Appellee filed a motion for summary judgment on the basis of the pleadings, consisting of the petition and the answer, and appellant's deposition. At the hearing of this motion by agreement of the parties an affidavit of the appellant filed with the Grievance Committee of the Shawnee County Bar Association was received in evidence. The trial court sustained appellee's motion for summary judgment stating there was no genuine issue as to any material fact in the case and that the claim was barred by the statutes of limitation, K. S. A. 60-512 and 60-513, which action is assigned as error upon this appeal.

From the record it appears that appellant's husband died March 17, 1961. During his lifetime he and appellant had acquired a considerable amount of property consisting of apartment buildings, mutual fund stock, industrial stock, savings and loan accounts and approximately $125,000.00 in United States savings bonds record title to which was claimed to be in the names of appellant and her deceased husband in joint tenancy. Appellant consulted appellee about drawing a will on March 23, 1961, and thereafter appellee commenced proceedings in the Shawnee County Probate Court on the estate of the deceased husband, appellant being appointed administratrix. Appellee engaged accountants and appraisers to prepare tax returns and did other work in connection with the

proceedings. On June 12, 1961, pursuant to petition therefore signed by appellant the probate court made the following finding:

". . . that the attorneys for the Administratrix have rendered valuable services throughout the course of the administration of said estate to date; that such services have been in the best interests of said estate; and that the Administratrix should be authorized and directed to pay the law firm of Stumbo & Irwin the sum of $3,500.00 as a partial allowance on attorneys' fees, as attorneys for the Administratrix . . . ,"

and entered its order authorizing and directing payment accordingly. This order has never been modified or set aside or challenged directly in any way. It appears that in July, 1961, appellant had some disagreement with appellee about a discrepancy in a deposit slip appellee gave to her showing receipt by him of rental income. In her deposition she testified that after a meeting on July 10, 1961, concerning the disagreement: "I never saw him after that. That ended it right there." She was dissatisfied with appellee and "never had anything more to do with him." Appellant further testified she went to Coffeyville, Kansas, where on July 17, 1961, she consulted an attorney about her business affairs. This attorney advised her at that time that there was no necessity for administering the estate of her husband. The date of this meeting is evidenced by a written receipt for money appellant paid this attorney. Then there began a series of letters between appellant's new attorney at Coffeyville and appellee, as a result of which appellee finally prepared a petition for summary closing of the estate and on February 16, 1962, the estate was summarily closed pursuant to K. S. A. 59-1507, with the Coffeyville attorney appearing as appellant's attorney.

Turning now to the legal questions involved in this appeal, the facts set forth in appellant's petition state a cause of action based on alleged fraud, and she reiterates upon argument here that the gravamen of her action is fraud.

K. S. A. 60-513 provides in part:

"The following actions shall be brought within two (2) years:

. . . . . . . . . . . . . .

"(3) An action for relief on the ground of fraud, but the cause of action shall not be deemed to have accrued until the fraud is discovered."

The alleged fraudulent conduct of appellee occurred between the date appellant consulted him, March 23, 1961, and the date his law firm was allowed $3,500.00 as partial allowance for attorneys' fee pursuant to order of the probate court, namely, June 12, 1961. She

testified she had no dealings of any kind with him after July 10, 1961. She further testified that on July 17, 1961, she was advised by her new attorney that there was no necessity for the administration. Clearly it would appear from this statement in her deposition that she had fully discovered any alleged fraud at this time, that is, by July 17, 1961. Moreover the estate was summarily closed at her request by her new attorney on February 16, 1962. These facts, testified to by appellant, are supported in the record by documents evidencing the pertinent dates. The petition being filed August 12, 1964, more than two years later, it would appear any cause of action based on fraud was clearly barred by the provisions of K. S. A. 60-513 (3).

At this point it may be noted that any conclusion respecting the necessity or propriety of administration of the estate of appellant's deceased husband must perforce rest upon factual claims of appellant, and this court can make no inference as to any alleged impropriety in the commencement thereof.

Appellant's alternative claim in her petition, without alleging any new or additional facts, asks for recovery of the $3,500.00 upon a theory of unjust enrichment, *quantum meruit,* or some similar theory.

Appellant concedes the existence of an implied contract between appellant and appellee, being one to pay a reasonable fee for services rendered. If the payment of the fee was unjust for any reason (other than for fraud) so as to give rise to a cause of action on an implied contract or upon unjust enrichment or *quantum meruit* then such cause of action accrued or arose June 12, 1961, when the payment was made. Viewed in this light the claim likewise appears to be barred as found by the trial court by the applicable statute of limitation (K. S. A. 60-512), which provides:

"The following actions shall be brought within three (3) years: (1) All actions upon contracts, obligations or liabilities expressed or implied but not in writing. . . ."

The burden remains always upon an appellant to show error in the ruling he seeks to overturn (1 Hatcher's Kansas Digest, rev. ed., Appeal and Error, § 408; 2 West's Kansas Digest, Appeal and Error, § 901). It is not entirely clear to this court what other theory appellant seeks to invoke for alternative relief other than heretofore discussed but there appears in the record another barrier confront-

ing appellant. This is the correspondence between appellee and appellant's Coffeyville attorney, of which appellant was fully aware, as a result of which it was suggested and agreed that appellee would retain the fee paid on a compromise basis and the estate closed in a summary manner. This procedure was carried out and would appear to be a complete compromise agreement of the whole affair.

Appellant urges this matter should not have been disposed of by summary judgment. Our statute thereon (K. S. A. 60-256) is the same as Rule 56 of the Federal Rules of Civil Procedure (28 U. S. C. A.) and federal cases are helpful in applying it (*Brick v. City of Wichita*, 195 Kan. 206, 403 P. 2d 964).

In *Dam v. General Electric Co.*, 265 F. 2d 612, it is stated:

". . . summary judgment may be used effectively in the area of affirmative defenses, and specifically when the affirmative defense pleaded is the statute of limitations." (p. 614.)

In *Carpenter v. Rohm & Haas Co.*, 75 F. Supp. 732, we find this:

"Where the defendant pleads a statute of limitations and moves for summary judgment, and it appears that the action is barred by the appropriate statute of limitations and there is no genuine issue as to any material fact in connection with such statute, or such motion, then the motion for summary judgment should be granted." (p. 734.)

The general rule is stated in 3 Barron & Holtzoff, Federal Practice and Procedure, rules edition, § 1245, as follows:

"A summary judgment for defendant may be granted if the claim asserted against him is barred by the statute of limitations or by laches. This procedure is useful for avoiding the expense and delay of an unnecessary trial if there is no dispute as to the facts governing these defenses and the claim is barred as a matter of law.

"If the record presented on motion for summary judgment shows that plaintiff cannot successfully refute defendant's plea of limitations, the motion should be granted." (pp. 206, 207.)

In *Schreffler v. Bowles*, 153 F. 2d 1 (10th Cir. 1946) the court said:

"The salutary purpose of Rule 56 is to permit speedy and expeditious disposal of cases where the pleadings do not as a matter of fact present any substantial question for determination. Flimsy or transparent charges or allegations are insufficient to sustain a justiciable controversy requiring the submission thereof. The purpose of the rule is to permit the trier to pierce formal allegations of facts in pleadings and grant relief by summary judgment when it appears from uncontroverted facts set forth in affidavits, depositions or admissions on file that there are as a matter of fact no genuine issues for trial." (p. 3.)

Applying the foregoing to the case at bar it seems clear the trial court correctly used summary judgment procedure. Despite her pleading in an obvious effort to avoid the bar of the statute of limitation, appellant's testimony respecting her own actions and knowledge as to the pertinent facts and dates, solidly buttressed by documentary evidence of an undisputable nature, conclusively reveal there was no genuine issue as to any material fact, and appellee was therefore entitled to summary judgment as a matter of law.

The judgment of the trial court is affirmed.

APPROVED BY THE COURT.