No. 44,297

The City of Ulysses, Kansas, and The Board of County Commissioners of Grant County, Kansas, *Appellees*, v. Otto M. Neidert and Mrs. Otto M. Neidert, *Appellants*.

(409 P. 2d 800)

Opinion filed January 22, 1966.

*Douglas B. Myers*, of Dodge City, was on the brief for the appellants.

*Richard M. Pickler*, county attorney, and *E. F. Russell*, city attorney, were on the brief for the appellees.

The opinion of the court was delivered by

Harman, C.: Appellees, the owners of real property comprising the Ulysses airport, originated this action in justice of the peace court, being one in peaceable entry and forcible detainer for the possession of such property.

Briefly stated, it appears appellants had gone into the possession of the premises September 1, 1960. On June 1, 1961, a written lease was entered into by appellees and Otto M. Neidert, one of the appellants herein, whereby appellees leased the property to Neidert for a term commencing September 1, 1960, and terminating August 31, 1961. Parenthetically, at this point it should be stated there is some indication in the record that the written lease could have been for a two year period instead, but it will be treated as previously stated inasmuch as the determinative legal principles would be the same in either event. Appellants remained in pos-

session of the property. Dissatisfaction developed and a five member advisory airport board recommended unanimously that appellants' tenancy be terminated. On July 20, 1964, appellees served on appellants a written notice terminating their tenancy as of August 31, 1964, and requesting them to vacate and deliver possession of the premises by that date. On September 2, 1964, appellees served a three day notice to quit on appellants and on September 14, 1964, commenced this action.

Judgment was rendered against appellants on September 24, 1964, from which they appealed to the district court. In that court, on December 14, 1964, appellants filed their answer in which, after admitting execution of the written lease on June 1, 1961, they allege that in the early part of 1960 they negotiated with appellees and were orally promised a five year lease of the property and that in reliance thereon they expended money for airplanes, aviation equipment and a house trailer and moved from Owosso, Michigan, to Ulysses for the purpose of operating the airport about September 1, 1960; they further allege that appellees refused to grant them a five year lease, tendering instead the written lease for one year which was executed, and that appellees were thereby guilty of misrepresentation and bad faith which amounted to fraud against appellants. Appellants ask in their answer to have the written lease reformed to cover a five year period from September 1, 1960. Appellees filed what is denominated a reply to this answer consisting of a general denial and a plea of the statute of limitations in bar of the requested reformed lease.

At a pretrial conference February 1, 1965, in district court, appellees moved for summary judgment, whereupon both parties agreed to submit written briefs to the court upon such motion. On March 10, 1965, the court sustained appellees' motion for summary judgment, stating:

"2. Defendants' defense for said action was that the written lease involved herein was procured by fraud and the defendants ask to have said lease reformed. This court finds that said fraud, if any, was discovered by the plaintiffs on the first day of September, 1960, and that any five year lease relied upon by the defendants was an oral lease and under the statute of frauds could be for the term of one year only unless effectively removed from the statute of frauds by full performance of one party. However, in this case, the oral lease was later reduced to writing and any misunderstandings or discrepancy would be controlled by the written contract.

"It is the court's opinion that the defendants' application to reform said written lease is barred by the statute of limitation and that the parties were operating for the last two years under a tenancy from year to year."

This appeal is from the above ruling.

As a preliminary matter appellants complain in this court that appellees' motion for summary judgment was not made in compliance with K. S. A. 60-256 (c) in that the motion was orally made and appellants were not given ten days' advance notice thereof. The record affirmatively recites that at the time this motion was made at the pretrial conference appellants made no objection and in fact agreed on the procedure employed whereby the parties submitted their arguments on the motion to the court in the form of written briefs for later decision. At no time have appellants complained of lack of time for preparation on the motion. Under these circumstances, after the adverse ruling, appellants are in no position to complain for lack of the statutory period of notice.

Appellants' main contention is that the court erroneously sustained the motion for summary judgment against them in that their cause of action based on fraud did not accrue until the fraudulent act first caused substantial injury and that they were not caused substantial injury until the notice to quit was served upon them September 2, 1964. This contention is based on their interpretation of the statute of limitations as to when a cause of action based on fraud accrues. Appellants assume as a matter of law that a cause of action based on fraud accrues when the act giving rise to the cause of action first causes substantial injury, relying on the last unnumbered paragraph of K. S. A. 60-513, the full text of which provides:

"The following actions shall be brought within two (2) years: (1) An action for trespass upon real property.

"(2) An action for taking, detaining or injuring personal property, including actions for the specific recovery thereof.

"(3) An action for relief on the ground of fraud, but the cause of action shall not be deemed to have accrued until the fraud is discovered.

"(4) An action for injury to the rights of another, not arising on contract, and not herein enumerated.

"(5) An action for wrongful death.

"The cause of action in this section shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonable ascertainable to the injured party, but in no event shall the period be extended more than ten (10) years beyond the time of the act giving rise to the cause of action."

Appellants do not take into account the proviso contained in subsection (3) that a cause of action based on fraud shall not be

deemed to have accrued until the fraud is discovered, which is simply a reenactment of our former law on the subject (G. S. 1949, 60-306, *Third*). The last unnumbered paragraph of K. S. A. 60-513 was added to the body of our law upon enactment of our present code of civil procedure.

In the case at bar, as would be true in many instances, the time of the act giving rise to the cause of action first causing substantial injury and the time of the discovery of any fraud would be the same, hence we need not consider which portion of the statute should be applied here, the question being neither raised nor briefed. We shall therefore consider appellants' contentions as though made on both premises—that their cause of action based on fraud did not accrue until the discovery of the fraud and when they were first caused substantial injury—and that this did not occur until the notice to quit was served upon them September 2, 1964. If valid at all, their same argument would likewise be applicable.

Appellants' pleading asserting fraud and asking relief therefrom was first filed December 14, 1964. Assuming *arguendo* fraudulent conduct as alleged by appellants, when did appellants first discover such fraud and when were they first caused substantial injury? Was it when they first served the notice on September 2, 1964, terminating their tenancy? We think not. That action related solely to a year to year tenancy into which appellants' tenancy had then been converted. According to appellants' pleading the fraudulent *actions complained of culminated June 1, 1961*, when they were compelled to enter into and accept the one year lease instead of the five year lease they sought. The injury complained of, and the only thing sought to be remedied, is that resulting from their receiving the one year lease instead of the longer one. The written lease revealed appellees' position as owners and lessors of the property and definitely settled rights; this occurred June 1, 1961, as appellants were well aware, appellant M. Neidert being signatory to the lease, and any cause of action accrued then. The fact appellants were thereafter permitted to hold over the primary term and thereby convert the one year lease into a tenancy from year to year under K. S. A. 58-2502 would not change the rights and liabilities of the parties as they existed on June 1, 1961. It need hardly be pointed out that a lessee in a written lease for one year holds something substantially less so far as possessory rights are concerned than if the same lease were for five years, and is in a

worse position. Appellants having discovered any fraud practiced on them and having first been caused substantial injury by at least June 1, 1961, and suit thereon not having been brought until December 14, 1964, the action comes within the bar of the two year statute of limitations. There being no dispute of any material fact in connection with the application of such statute, then disposition by summary judgment is proper (see *Hartman v. Stumbo,* 195 Kan. 634, 408 P. 2d 693).

Other matters urged by appellants have been considered but we find nothing warranting any change in the trial court's order and judgment and they are affirmed.

APPROVED BY THE COURT.