No. 44,369

CLARENCE H. TIMMERMEYER, *Appellant,* v. DERRYL BRACK, d/b/a
LEGION CLUB, *Appellee.*

(412 P. 2d 984)

Opinion filed April 9, 1966.

*Gerald L. Michaud,* of Wichita, argued the cause, and *Russell Cranmer,
Orval L. Fisher* and *M. William Syrios,* of Wichita, were with him on the briefs
for appellant.

*Robert C. Foulston,* of Wichita, argued the cause, and *George B. Powers,
Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Malcolm Miller, Robert N.
Partridge, Robert M. Siefkin, Richard C. Harris, Gerald Sawatzky, Donald L.
Cordes, Robert L. Howard, Charles J. Woodin, Mikel L. Stout, Ronald K.
Badger, Benjamin C. Langel* and *Phillip S. Frick,* all of Wichita, were with him
on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from a summary judgment in an
action for damages for personal injuries brought against the opera-
tor of a private club by a paying guest.

The facts necessary for the determination of the limited issue
before us may be briefly stated.

The defendant, Derryl Brack, was the operator of the Legion
Club located on George Washington Boulevard in Wichita, Kansas.

The facilities of the club included a clubhouse with a bar and an adjacent swimming pool. The clubhouse had double doors constructed of aluminum frames with ordinary window glass inserts which opened from the bar onto a concrete walk that extended approximately fifty feet to the concrete apron surrounding the pool.

The glass panels in the doors were painted a solid aluminum metallic color by defendant when he assumed operation of the club. He left a square at the top of each panel unpainted producing a window effect. No signs were placed around the door warning that the panels were glass. There were "do not run" signs painted on the concrete surface around the pool but none along the walk leading to the clubhouse.

On August 5, 1962, plaintiff and his family were the guests of Mr. Bjork, a member of the club, and his wife. Plaintiff paid for the use of the swimming pool and a drink card with which he purchased three alcoholic drinks throughout the afternoon.

The plaintiff and Mr. Bjork engaged in the pastime of attempting to throw their wives into the pool. The accident occurred during one of those frolics. Plaintiff had threatened to throw Mrs. Bjork into the pool and was pursuing her near the clubhouse. Mrs. Bjork, realizing that plaintiff was going to catch her, stopped. When plaintiff tried to stop he slipped on a wet spot and in an effort to break his fall, placed his hand against one of the doors. The glass broke, causing serious injury to his arm.

The plaintiff in his petition charged negligence in failing to provide a safe entrance and exit to and from the clubhouse and the swimming pool. It was particularly alleged that the painting of the glass doors was deceptive and that there was no warning of the deceptive danger.

The defendant's answer denied the allegations as to his negligence and specifically alleged that the accidental injury was caused solely or contributed to by the negligence of the plaintiff.

The above facts being somewhat introductory, we now come to the procedural facts which form the basic issue in this appeal.

The defendant took plaintiff's deposition on February 20, 1965. The plaintiff took the defendant's deposition on March 25, 1965, which had not been transcribed when the pretrial proceedings were had on March 29, 1965.

The district court, at the second pretrial conference, having read the plaintiff's deposition taken by defendant, requested counsel for

defendant to state how the defendant's deposition taken by plaintiff, but not transcribed, would reflect on the defendant's theory of contributory negligence. Defendant's counsel informed the court as to his understanding of the testimony and its effect.

The court also asked counsel for the defendant if he had any evidence as to how the accident occurred. On being informed that the attendant on duty would testify, the court asked counsel if he could "give us the evidence that he would testify to." Counsel for the defendant obligingly informed the court as to what his witness' testimony would be.

The court then concluded that the plaintiff was guilty of contributory negligence, and entered summary judgment for the defendant.

The plaintiff has appealed, contending that the district court erred in entering summary judgment for the defendant because there were genuine issues of material fact remaining to be determined.

We are forced to agree with appellant's contention. This court has stated on numerous occasions that summary judgment is not proper if there remains a genuine issue of a material fact. (*Herl v. State Bank of Parsons,* 195 Kan. 35, 403 P. 2d 110; *Brick v. City of Wichita,* 195 Kan. 206, 403 P. 2d 964; *Hartman v. Stumbo,* 195 Kan. 634, 408 P. 2d 693; *Board of Satanta v. Grant County Planning Board,* 195 Kan. 640, 408 P. 2d 655; *City of Ulysses v. Neidert,* 196 Kan. 169, 409 P. 2d 800; *Secrist v. Turley,* 196 Kan. 572, 412 P. 2d 976.)

Neither is summary judgment proper where the opposing party is proceeding with due diligence with his pretrial discovery but has not had an opportunity to complete it. In *Brick v. City of Wichita,* supra, we held:

"Ordinarily a motion for summary judgment should not be granted so long as pretrial discovery remains unfinished." (Syl. ¶ 3.)

Likewise, where a genuine issue of fact is framed by the pleadings, the district court should not attempt to determine such issue on the statements of counsel, seeking summary judgment, as to the facts contained in a deposition taken by the opposing party, but which has not been transcribed, and as to facts he claims one of his witnesses will testify to.

There was nothing in the record except the deposition of plaintiff taken by defendant. As previously indicated, the deposition of

defendant taken by plaintiff had not been transcribed. The testimony of a material witness was not before the court. Moreover, the testimony of the only party that saw the accident, Mrs. Bjork, was not before the court.

The district court should not determine the factual issues on considering the propriety of a summary judgment, but should search the record for the purpose of determining whether a factual issue exists. Certainly, whether a factual issue exists should not be determined from the statements of counsel, seeking summary judgment, as to what certain witnesses will testify to when the testimony is not of record.

The record discloses there are material facts to present which leaves remaining a genuine issue of a material fact. Summary judgment was, therefore, erroneously entered.

The appellee seeks a review of certain questions going to the merits of the action. Those questions are not ripe for determination until the material facts are in the record upon which the existence of the questions will depend.

The judgment is reversed.