No. 45,765

John B. Tabor, *Appellant*, v. Harry E. Lederer, *Appellee*.

(472 P. 2d 209)

Opinion filed July 17, 1970.

*David R. Hills*, of Boddington & Brown, of Kansas City, argued the cause and was on the brief for the appellant.

*Donald A. Hardy*, of Williamson, Cubbison & Hardy, of Kansas City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: The plaintiff, John B. Tabor, commenced this action December 20, 1968, to recover damages sustained by his automobile in a collision which was allegedly caused by negligence on the part of the defendant, Harry E. Lederer.

On January 23, 1969, the defendant filed his answer denying negligence on his part, alleging contributory negligence on the part of plaintiff and further alleging that the plaintiff had released the defendant from any and all actions, claims and demands arising out of the accident. A copy of the release allegedly executed by the plaintiff, Tabor, was attached to and made a part of the defendant's answer.

Five days after filing its answer the defendant filed a motion for judgment on the pleadings. One month later, and on February 28, 1969, the plaintiff filed a request for admission of facts and genuineness of documents. Attached to this request were copies of correspondence addressed and sent to the defendant's insurance carrier, The Ohio Casualty Group, hereafter called Ohio, by or on behalf of the plaintiff's insurance carrier, United Security Insurance Company, whom we shall refer to as United, and the replies which were sent by Ohio in response to the letters of United.

Objections to the plaintiff's request for admissions were filed by the defendant on March 4, 1969. Neither the plaintiff's request for admission of facts and genuineness of documents, nor the defendant's objections filed thereto, have ever been ruled on by the trial court and, so far as we can tell from the record, they both are now hanging around in limbo.

Nonetheless, the trial court on March 7, 1969, heard arguments on the defendant's motion for judgment on the pleadings. The record itself does not indicate whether the court was aware, at that time, of plaintiff's request for admissions, but we are advised by plaintiff in his brief that during oral argument the plaintiff requested that the hearing be stayed until discovery could be completed as to the facts and circumstances surrounding execution of the purported release. Be that as it may, the trial court on March 18, 1969, sustained defendant's motion for judgment on the pleadings without ruling upon or even mentioning the plaintiff's request for admissions.

Following the sustaining of defendant's motion for judgment on the pleadings, the plaintiff filed a "motion for rehearing to allow plaintiff to further plead and to substitute proper party plaintiff." Attached to this pleading as an exhibit was an amended petition with United substituted as party plaintiff, setting up its subrogation claim. This motion was overruled and the request to file an amended

petition was denied by the court as of March 28, 1969. The present appeal was thereupon filed.

The first point raised on appeal is that the trial court acted prematurely in sustaining the defendant's motion for judgment on the pleadings. K. S. A. 1969 Supp. 60-212 (c) provides that after the pleadings are closed any party may move for judgment on the pleadings; that if matters outside the pleadings are presented and not excluded by the court, the motion shall be treated as one for summary judgment and all parties shall be given reasonable opportunity to present all material made pertinent to the motion. A motion of this character, as we find from the text in 3 Barron & Holtzoff, § 1240, p. 180, "is based upon the ground that the moving party is entitled to a judgment on the face of the pleadings themselves."

We are inclined to agree that the trial court was hasty in ruling on and sustaining the defendant's motion for judgment on the pleadings. The answer set up, as a defense, the execution of a release, which is an affirmative defense of new matter. (41 Am. Jur., Pleading, § 159, pp. 403, 404; 45 Am. Jur., Release, § 40, pp. 703, 704.)

K. S. A. 60-208 (c) provides that in pleading to a preceding pleading, a party shall set forth affirmatively certain defenses which are expressly specified and "any other matter constituting an avoidance or *affirmative defense.*" (Emphasis supplied.) Having pleaded the execution of a release as a matter of affirmative defense, the defendant thereby assumed the burden of establishing it. (45 Am. Jur. Release, § 45, p. 706.)

In considering a motion for judgment on the pleadings by a defendant, the question is whether upon the *admitted* facts the plaintiff has stated a cause of action. (1A Barron & Holtzoff, § 359, p. 398.) It is obvious from the most casual view of the present petition, that plaintiff has alleged no release.

Nor may it be said that the defendant's allegation of a release, contained in its answer, stands undisputed or undenied. K. S. A. 208 (d) provides in pertinent part:

". . . Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."

As we refer back to K. S. A. 60-207, which sets out what pleadings are allowed, we find that a reply to an answer is not included in the permitted list except when ordered by the court.

Hence, we believe this case was improperly disposed of by dismissal through the medium of the defendant's motion for judgment on the pleadings. As we understand the position taken by plaintiff, and by United in whose behalf the plaintiff was also acting, it is this: Ohio misled or lulled plaintiff and United into believing that negotiations were being conducted with plaintiff solely with respect to his claim for personal injuries, and that the claim for property damage, including United's subrogation claim and plaintiff's claim for his deductible, would be taken up at a later date; that a dispute thus existed as to what, if any, claims were intended to be released in whatever release may have been slyly obtained by Ohio.

Moreover, it is perfectly obvious that pretrial discovery had not been completed. The plaintiff's request for admission of facts and genuineness of documents, filed February 28, remained still unanswered by the defendant, whose only response up to that time had been to interpose objections. When the trial court heard and sustained the defendant's motion for judgment on the pleadings, the request for admissions was still pending and the defendant's objections thereto had not been acted upon.

In *Timmermeyer v. Brack*, 196 Kan. 481, 412 P. 2d 984, this court considered a comparable situation and held:

"Summary judgment should not be entered if there remains a genuine issue of a material fact, *nor where the opposing party is proceeding with due diligence with his pretrial discovery but has not had an opportunity to complete it*." (Syl. ¶ 1.) (Emphasis supplied.)

The rule expressed in *Timmermeyer* has been threaded through our decisions with notable consistency. In *Brick v. City of Wichita*, 195 Kan. 206, 403 P. 2d 964, we said:

"Ordinarily a motion for summary judgment should not be granted so long as pretrial discovery remains unfinished. (*Smith-Corona Marchant, Inc. v. American Photocopy Equip. Co.*, 217 F. Supp. 39 [S. D. N. Y. 1963].)" (p. 211.)

See, also, *Lawrence v. Deemy*, 204 Kan. 299, 461 P. 2d 770.

Because of what has been said up to this point, we consider it unnecessary to ponder the second point set forth in plaintiff's brief.

In conclusion, we hold that the trial court erred in sustaining the defendant's motion for judgment on the pleadings. The judgment is reversed and the trial court directed to set the same aside and permit plaintiff to proceed with and complete discovery proceedings.