(840 P.2d 1211)

No. 67,945

LEWIS JOSEPH SCULLY and JUDITH K. SCULLY, husband and wife, *Appellants,* v. CLEVE BUFORD OVERALL and JUDY A.C. OVERALL, husband and wife; and J.C.B. RESOURCES, INC., *et al., Appellees.*

Opinion filed November 13, 1992.

*Dan E. Turner* and *Phillip L. Turner,* of Topeka, and *Stanley R. Ausemus,* of Emporia, for appellants.

*Kevin F. Mitchelson, Fred Mitchelson, Samuel J. Marsh,* and *John H. Mitchelson,* of Wheeler & Mitchelson, Chartered, of Pittsburg, and *Steven B. Doering,* of Law Offices of Steven B. Doering, of Garnett, for appellees.

Before RULON, P.J., ELLIOTT, J., and E. NEWTON VICKERS, District Judge Retired, assigned.

VICKERS, J.: Plaintiffs Lewis Joseph Scully and Judith K. Scully appeal the trial court's granting of the motion of defendants Cleve Buford Overall, Judy A.C. Overall, and J.C.B. Resources, Inc., for judgment on the pleadings, holding that the Kansas mineral interest lapse statutes, K.S.A. 55-1601 *et seq.,* entitle a mineral owner, who does not take any affirmative steps to maintain a mineral interest for over 20 years, to preserve the mineral interst by filing a statement of claim within 60 days after the surface owner files a notice of lapse. We affirm.

On April 26, 1961, plaintiffs Lewis and Judith Scully purchased real estate located in Anderson County, Kansas, from defendant Cleve Buford Overall. The contract excepted "the oil and gas in place which is reserved by the Vendor."

On August 1, 1991, the Scullys published a notice of lapse of mineral interest in The Anderson Countian, a local newspaper of general circulation in Anderson County.

On August 8, 1991, the Scullys filed a notice of lapse of mineral interest, claiming that no minerals from the property were used for 20 years and that the ownership of any mineral should revert to the Scullys, the current surface owners.

On August 12, 1991, the Overalls received a copy of the notice by registered mail from the Scullys regarding lapse of the mineral interest. On August 14, 1991, the Overalls filed a statement of claim to mineral interest in the office of the Register of Deeds of Anderson County.

On December 16, 1991, the Scullys filed a petition against the Overalls and J.C.B. to quiet title to real estate.

On January 9, 1992, the Overalls and J.C.B. answered, generally denying the allegations. The Overalls and J.C.B. jointly filed a motion for judgment on the pleadings on January 27, 1992.

The trial court granted the Overalls' and J.C.B.'s motion, holding as a matter of law that the Overalls' mineral interests were not extinguished or vested in the Scullys.

This appeal was taken from the trial court's granting of defendants' motion for judgment on the pleadings. K.S.A. 1991 Supp. 60-212(c) provides:

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in K.S.A. 60-256 and amendments thereto, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion."

No evidence outside the pleadings was presented to the trial court in consideration of this motion. Although there were "additional undisputed facts" alleged in the Scullys' response and objection to the joint motion for judgment on the pleadings, these are the same facts alleged in their petition to quiet title.

A motion for judgment on the pleadings is based upon the ground that the moving party is entitled to a judgment on the face of the pleadings themselves. In considering a defendant's motion for judgment on the pleadings, the question is whether, upon the *admitted* facts, the plaintiff has stated a cause of action. *Tabor v. Lederer,* 205 Kan. 746, 748, 472 P.2d 209 (1970). The Scullys are mistaken in treating the trial court's decision as the granting of summary judgment.

The primary issue before us is whether the Overalls' mineral interests lapsed and were extinguished and became vested in the surface owners, the Scullys, under the Kansas mineral interests lapse statutes, K.S.A. 55-1601 *et seq.* This is the first case to interpret these statutes since their enactment in 1983.

The pertinent statutes are set out in full.

K.S.A. 55-1601:

"As used in this act, 'mineral interest' means an interest created by an instrument transferring, by grant, assignment, reservation or otherwise, an interest of any kind in coal, oil, gas or other minerals."

K.S.A. 55-1602:

"An interest in coal, oil, gas or other minerals, if unused for a period of 20 years, shall lapse, unless a statement of claim is filed in accordance with K.S.A. 55-1604, and the ownership shall revert to the current surface owner."

K.S.A. 55-1603:

"(a) A mineral interest shall be considered to be used when:
(1) There are any minerals produced under the interest;
(2) operations are being conducted on the interest for injection, withdrawal, storage or disposal of water, gas or other luid substances;
(3) rentals or royalties are being paid by the owner of the interest for the purpose of delaying or enjoying the use or exercise of the mineral rights;
(4) the use or exercise of the mineral rights is being carried out on a tract with which the mineral interest may be unitized or pooled for production purposes;
(5) in the case of coal or other solid minerals, there is production from a common vein or seam by the owners of the mineral interests; or
(6) taxes are paid on the mineral interest by its owner.
"(b) Any use pursuant to or authorized by the instrument creating the mineral interest shall be effective to continue in force all rights granted by the instrument."

K.S.A. 55-1604:

"(a) A statement of claim may be filed by the owner of a mineral interest prior to the end of the twenty-year period specified by K.S.A. 55-1602 or within three years after the effective date of this act, whichever is later. The statement shall contain the name and address of the owner of the mineral interest and a description of the land on or under which the mineral interest is located. The statement of claim shall be filed in the office of the register of deeds of the county in which the land is located. Upon the filing of the statement of claim within the time provided, it shall be considered that the mineral interest was being used on the date the statement of claim was filed.

"(b) Failure to file a statement of claim within the time prescribed by subsection (a) shall not cause a mineral interest to be extinguished if the owner of the mineral interest filed the statement of claim within 60 days after (1) publication of notice as prescribed by K.S.A. 55-1605, if such notice is published or (2) within 60 days after receiving actual•knowledge that the mineral interest had lapsed, if such notice is not published."

The facts are undisputed in this case that the Overalls' mineral interest was unused for a period of 20 years as set forth in K.S.A. 55-1602 and 55-1603, and that no claim was filed by the Overalls prior to the 20-year period specified in K.S.A. 55-1602 or within three years after the effective date of the Act, whichever was later, as set forth in K.S.A. 55-1604.

The facts are further undisputed that the Scullys did publish in The Anderson Countian a "notice of lapse" pursuant to K.S.A. 55-1605 and that the Overalls filed a statement of claim within 60 days after publication of said notice pursuant to K.S.A. 55-1604(b)(1).

The Scullys' argument on appeal is that when a mineral owner files a statement of claim after publication of the lapse notice, this statement of claim "must be coupled with proof that the mineral interest was in fact 'used' during the 20-year period in order to preserve the mineral interest owner's rights."

The Scullys further argue that once the mineral interest has lapsed after the 20-year period of nonuse, the mineral owner has no ground to contest such lapse. The Scullys assert that the provision in K.S.A. 55-1604(b) is merely a notice requirement but does not provide any separate right to extend the mineral interest if the prior mineral owner cannot prove that the minerals were "used," as provided in K.S.A. 55-1603, or that the prior mineral owner did file with the register of deeds a statement of

claim within 20 years of the last use of the minerals. The Scullys' interpretation of the statute is distorted.

According to the requirements in K.S.A. 55-1604(b), the mineral interest shall not be extinguished, even after the lapse of 20 years of nonuse, if the owner files a statement of claim. The statute does not require the mineral interest owner to provide proof of use at the time of the filing of the statement of claim. "Where a statute is clear and unambiguous, the court must give effect to the legislative intent therein expressed rather than make a determination of what the law should or should not be." *Capital Electric Line Builders, Inc. v. Lennen,* 232 Kan. 379, 383, 654 P.2d 464 (1982).

We agree with the analysis of the statute as stated by Associate Professor David E. Pierce, a professor of Oil and Gas law at Washburn University School of Law:

"Although the mineral interest will 'lapse' if unused for twenty years, and if a statement of claim is not filed on or before 1 July 1986, the interest will not be 'extinguished' until the surface owner gives notice of the lapse and the mineral interest owner fails to respond as required by K.S.A. 55-1605." Pierce, *July 1 is Deadline for Filing Claims to Preserve "Unused Mineral Interests,"* 25 Circuit Rider 6 (Summer 1986).

The Scullys make reference to a United States Supreme Court case, *Texaco, Inc. v. Short,* 454 U.S. 516, 70 L. Ed. 2d 738, 102 S. Ct. 781 (1982), but it is difficult to see what exactly *Texaco* offers to support their position. *Texaco* held the Indiana Dormant Mineral Interests Act constitutional. The Indiana act was used as a model for the Kansas statutes, K.S.A. 55-1601 *et seq.* However, there is a difference. The Indiana act does not require the surface owners to give notice to the mineral interest owners to allow them to avert the lapse of their interests. On the other hand, K.S.A. 55-1604(b) provides the chance to do exactly that.

The Scullys insist that only when there was some "use" of the mineral interest during the 20-year period should the mineral interest owner be allowed to dispute the lapsing of the mineral interest to the surface owner. They claim that this interpretation is the "most logical interpretation to achieve the intent of the legislature and to best serve the public policy behind the enactment of the Mineral Lapse Act." If the trial court's position is adopted, the Scullys argue, the whole purpose and intent of

the statute is defeated. We are not convinced. Again, we agree with the analysis of Professor Pierce:

"The Kansas Mineral Lapse Act equitably balances the interests of the surface owner and mineral owner. The Kansas Act requires the surface owner to make reasonable efforts to identify and contact the owners of the lapsed interest. If the mineral interest owner responds, the interest is no longer forgotten, the name and address of the mineral interest owner is identified, the purposes of the Act are served. If the mineral interest owner fails to respond, the surface owner can perfect title to the interest in a subsequent quiet title action. The interest then becomes marketable because it is vested in a new, identified, owner." Pierce, 25 Circuit Rider at 9.

The Scullys further argue that the trial court erroneously prevented them from completing pretrial discovery. The Scullys claim that they wanted to show to the trial court that Overall "knew that his mineral interest had lapsed and knew that to retain his interest, he would have had to file a statement of claim within 3 years of the enactment of the Mineral Lapse Act or file a statement of claim within 60 days of the lapse of his mineral interest, neither of which was done." This argument is flawed.

The Scullys did publish their notice in the newspaper according to the requirements in K.S.A. 55-1605. Therefore, the "actual knowledge" provision in K.S.A. 55-1604(b)(2) does not apply because there was publication of notice. Furthermore, the Overalls received a copy of the notice by registered mail from the Scullys regarding the lapse on August 12, 1991. The filing of the statement of claim by the Overalls on August 14, 1991, was timely (within 60 days) and prevented extinguishment of the mineral interest. There is no merit in the Scullys' argument for continuing pretrial discovery. The trial court had all the facts it needed from the pleadings on which it made its decision as a matter of law.

We hold that the mineral interest was not extinguished or vested in the surface owners after 20 years of nonuse, when the mineral interest owners filed a statement of claim within 60 days from the publication of notice under K.S.A. 55-1604(b)(1).

Affirmed.