NOT DESIGNATED FOR PUBLICATION

No. 117,589

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CRYSTAL NICOLE KURI,
*Appellant*,

v.

ADDICTIVE BEHAVIORAL CHANGE HEALTH GROUP, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TIMOTHY G. LAHEY, judge. Opinion filed December 15, 2017. Affirmed.

*Crystal N. Kuri, a.k.a. Crystal N. Jones*, appellant pro se.

*Monte Vines*, of Adams Jones Law Firm, P.A., of Wichita, for appellees.

Before ARNOLD-BURGER, C.J., LEBEN and POWELL, JJ.

POWELL, J.: Crystal Nicole Kuri appeals the district court's grant of summary judgment against her battery, libel, and slander claims due to the expiration of the one-year statute of limitations contained in K.S.A. 60-514. Kuri claims the district court erred by granting summary judgment because a 10-year statute of repose permits her claims. Kuri also claims the district court's grant of summary judgment denied her due process by prematurely ending discovery and denying her the right to present her case to a jury. We find no error and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On January 29, 2015, the Matrix Center—a methadone clinic owned and operated by Addictive Behavioral Change Health Group, LLC—fired Kuri from her nursing position after she tested positive for methadone. Kuri's position involved dispensing methadone to patients. At the time of her termination, Kuri alleged to her supervisor, Steve Kamau, that someone must have paid him to switch the samples to make her sample test positive. Kuri also alleged to Kamau that a coworker must have put methadone in her drink four days earlier when the clinic provided staff with food and drink. Kuri subsequently filed a report with the Wichita Police Department that one or more of her coworkers poisoned her with methadone. On February 11, 2015, a police officer interviewed Kamau at the clinic regarding Kuri's police report.

The day after Kuri was fired, written incident reports were sent to the Drug Enforcement Agency (DEA) regarding Kuri's positive test results. Because methadone is a controlled substance, the clinic is required to report any anomalies involved in handling the medication. The incident reports also disclosed that Kuri had previously dispensed incorrect amounts of methadone tablets to patients. On February 25, 2015, a DEA agent interviewed Matrix Center staff regarding the reports. Several months later, in response to a subpoena, Kamau sent copies of the incident reports regarding Kuri to the Kansas State Board of Nursing.

On September 29, 2015, Kuri filed suit against the Matrix Center, Kamau, and two other coworkers in the United States District Court for the District of Kansas. Kuri alleged that her coworkers had poisoned her drink with methadone and had falsified written reports regarding the incident. On February 8, 2016, the federal court dismissed Kuri's claims for lack of subject matter jurisdiction; the Tenth Circuit Court of Appeals affirmed on May 18, 2016.

On January 18, 2017, Kuri filed her present lawsuit in Sedgwick County District Court, alleging that her coworkers poisoned her drink with 50 milligrams of methadone and made false written reports that resulted in her termination. In relevant part, Kuri requested damages for the deliberate and intentional harm and retaliation caused by her coworkers. Shortly after, the defendants filed a motion seeking a more definite statement from Kuri on her retaliation claim. Kuri responded that "retaliation" means "to do something in response to an action done to oneself or an associate, especially to attack or injure someone." She stated that her coworkers retaliated against her by poisoning her drink with methadone and filing the false incident reports because she would not let a coworker dose patients.

On March 7, 2017, the defendants filed a motion for summary judgment, arguing that the one-year statute of limitations contained in K.S.A. 60-514 barred Kuri's claims. Kuri timely responded. The defendants replied, arguing that because Kuri had failed to properly controvert any of the defendants' statements of uncontroverted facts, the district court was required to deem such facts as admitted.

On April 13, 2017, the district court held a hearing on the motion for summary judgment at which the parties presented arguments. At the conclusion of the hearing, the court granted the defendants' motion from the bench. The next day, the court filed its written order, explaining that because Kuri had failed to controvert the defendants' statements of uncontroverted facts, such facts were deemed admitted under Kansas Supreme Court Rule 141(f)(2) (2017 Kan. S. Ct. R. 204). The court also concluded that Kuri had presented claims for battery, libel, and slander and that such claims were barred by the one-year statute of limitations contained in K.S.A. 60-514. Finally, the court ruled that the six-month saving statute in K.S.A. 60-518 did not apply. It reasoned that even though Kuri had timely filed suit in federal court, because such claims were dismissed and because Kuri had failed to file her state court petition within one year from the events

3

on which her claims were based or within six months after the dismissal by the federal court, the saving statute did not save her claims.

Kuri timely appeals.

### DID THE DISTRICT COURT ERR IN GRANTING SUMMARY JUDGMENT TO DEFENDANTS BASED ON THE STATUTE OF LIMITATIONS?

Kuri first asserts that the district court erred in granting summary judgment based on the one-year statute of limitations period, arguing a 10-year statute of repose applies to her claims.

"'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Drouhard-Nordhus v. Rosenquist*, 301 Kan. 618, 622, 345 P.3d 281 (2015) (quoting *Stanley Bank v. Parish*, 298 Kan. 755, Syl. ¶ 1, 317 P.3d 750 [2014]).

> "'Where the defendant pleads a statute of limitation and moves for summary judgment and it appears that the action is barred by the appropriate statute of limitation and there is no genuine issue as to any material fact in connection with such statute, then the motion should be granted.' *Hartman v. Stumbo*, 195 Kan. 634, Syl. ¶ 2, 408 P.2d 693 (1965)." *Rockers v. Kansas Turnpike Authority*, 268 Kan. 110, 112, 991 P.2d 889 (1999).

Determining whether the statute of limitations period has expired requires us to engage in statutory interpretation, which is a question over which we exercise unlimited review. *Kelly v. VinZant*, 287 Kan. 509, 514-15, 197 P.3d 803 (2008). The most fundamental rule of statutory construction is "the intent of the legislature governs if that intent can be ascertained." *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016).When a statute is plain and unambiguous, we should not speculate about the

4

legislative intent behind that clear language and should refrain from reading something into the statute that is not readily found in its words. See *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

As an initial matter, we note the district court characterized Kuri's claims as ones for battery, slander, and libel. "'Pro se pleadings are [to be] liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the [party's] arguments.'" *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014) (quoting *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 [2010]). Battery as a civil claim is defined as "'the unprivileged touching or striking of one person by another, done with the intent of bringing about either a contact or an apprehension of contact, that is harmful or offensive.'" *Baska v. Scherzer*, 283 Kan. 750, 756, 156 P.3d 617 (2007); PIK Civ. 4th 127.02 (2017 Supp.). Kansas caselaw has not expressly addressed whether "poisoning" another is a battery, but the United States Supreme Court has held that a person can commit domestic violence battery by poisoning. See *United States v. Castleman*, 572 U.S. __, 134 S. Ct. 1405, 1414-15, 188 L. Ed. 2d 426 (2014); see also 6A C.J.S. Assault, § 85 (following *Castleman*). Moreover, *Dobbs*, The Law of Torts, ch. 3 (Battery) § 31, p. 61 (2000), states that poisoning another's drink qualifies as a touching: "The plaintiff is of course touched if she is struck by a bullet, but she is also touched if she drinks poison in her cup by the defendant." "False defamatory words, if spoken, constitute a slander; if written and published, a libel." *State v. Osborn*, 54 Kan. 473, 492, 38 P. 572 (1894) (Horton, C.J., concurring). Neither party challenges the district court's findings on the nature of Kuri's claims, so we assume the district court's characterization of Kuri's claims is correct.

Given the nature of Kuri's claims, the district court ruled they were barred by the one-year statute of limitations provided in K.S.A. 60-514(a) and (b). We agree.

K.S.A. 60-514 states in relevant part:

5

"The following actions shall be brought within one year:

"(a) An action for libel or slander.

"(b) An action for assault, battery, malicious prosecution, or false imprisonment."

Moreover, K.S.A. 60-510 mandates that petitioners must file their claims within the prescribed statute of limitations, after the cause of action accrues. A battery claim accrues at the time of the battery. *Kelly*, 287 Kan. at 527. A slander or libel claim "accrues upon publication of the defamatory statement." *Stephens v. Van Arsdale*, 227 Kan. 676, 693, 608 P.2d 972 (1980).

As applied to Kuri's battery claim, Kuri alleged her coworkers must have poisoned her about four days before the drug test on January 23, 2015. Moreover, Kamau received the positive drug test showing Kuri had methadone in her system on January 29, 2015. The district court correctly found that Kuri's battery claim accrued before the end of January 2015, meaning that according to K.S.A. 60-514(b), Kuri was required to bring a claim for battery on or before the end of January 2016.

As applied to Kuri's claims for libel and slander, Kuri alleged that her coworkers wrote false incident reports on or before January 30, 2015, and that Kamau sent the reports to the DEA shortly thereafter. A DEA representative interviewed Matrix Center employees on February 25, 2015. Kuri also reported to the Wichita Police Department that a coworker poisoned her, and an officer interviewed Kamau on February 11, 2015, based on Kuri's police report. Finally, in response to a subpoena, Kamau provided the written incident reports to the Board of Nursing on August 24 and August 31, 2015.

Based on this timeline, the district court was correct in finding that any claim for slander—spoken defamation to the DEA or the WPD—accrued in February 2015, that any libel claim—written defamation—for publishing the defamatory words in the reports to the DEA accrued in February 2015, and that any libel claim for sending a copy of the

6

DEA reports to the Board of Nursing accrued in August 2015. Therefore, under K.S.A. 60-514(a), Kuri's various claims for slander and libel due to publication to the DEA and the WPD needed to be brought no later than February 2016, while any libel claims arising out of the reports having been sent to the Board of Nursing had to be brought no later than August 2016.

However, Kuri did not file her petition in the district court until January 18, 2017. While it is true that Kuri timely filed her federal court lawsuit on September 29, 2015, that case was dismissed on February 8, 2016, and the dismissal was affirmed on appeal on May 18, 2016. And the saving statute, K.S.A. 60-518, does not save Kuri because that statute only protects a party whose statute of limitations period runs during the pendency of the first lawsuit or within six months of the dismissal of the first lawsuit. If Kuri had filed her petition in the district court on or before November 18, 2016—six months after the dismissal of her federal case was affirmed on appeal—her claims would be timely. See *Seaboard Corporation v. Marsh Inc.*, 295 Kan. 384, 406, 284 P.3d 314 (2012) ("[T]he Kansas saving statute, K.S.A. 60-518, applies even if the first action was not filed in a Kansas state court."). Based on the above accrual dates, Kuri filed her petition beyond the one-year statute of limitations period set forth in K.S.A. 60-514, thus barring her battery, libel, and slander claims.

This notwithstanding, Kuri makes the argument that she had time to file her claims under a 10-year statute of repose. We think Kuri misunderstands the nature of a statute of repose. As our court recently explained in great detail, similar to a statute of limitations, which requires an injured party to bring suit within a certain period of time after the party's injury, a statute of repose also serves to cut off an injured party's claim after a certain period of time from the defendant's injurious act even if the injury itself occurred years later and within the statute of limitations. See *Doe v. Poprovak*, 55 Kan. App. 2d ___, ___ P.3d ___ (No. 115,282, filed June 9, 2017), slip op. at 9-10. A statute of repose

does not act to extend an injured party's time to file a claim but limits it and is unhelpful to Kuri in this case.

But even if the statute of repose contained in K.S.A. 60-513(b), which applies a 10-year statute of repose to *some* tort claims, was somehow to act as a time extender, this statute does not apply to battery, libel, and slander claims. Moreover, K.S.A. 60-514, the statute which governs the limitations period for Kuri's claims, does not include a statute of repose. Because we cannot read something into a statute that is not readily found in its words, *Ullery*, 304 Kan. at 409, Kuri's claim that a 10-year statute of repose applies to her claims is without merit.

The district court did not err in granting summary judgment because the one-year statute of limitations in K.S.A. 60-514 bars Kuri's battery, libel, and slander claims.

## DID THE DISTRICT COURT DENY KURI DUE PROCESS IN GRANTING SUMMARY JUDGMENT?

Kuri's second argument is that the district court's grant of summary judgment denied her due process by prematurely ending discovery and denying her the opportunity to present her case to a jury.

Constitutional procedural due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Village Villa v. Kansas Health Policy Authority*, 296 Kan. 315, 331, 291 P.3d 1056 (2013) (citing *Winston v. Kansas Dept. of SRS*, 274 Kan. 396, 409, 49 P.3d 1274 [2002]). But before we may decide whether a party was provided sufficient procedural due process, we must first determine whether a protected liberty or property interest is at stake. If a protected interest is implicated, only then must we determine the nature and extent of the process that is due. *Village Villa*, 296 Kan. at 331.

8

Kuri asserts that the defendants' actions negatively impacted her property interest in her state nursing license. But the district court's resolution of the civil suit against the defendants does not impact Kuri's entitlement to her nursing license. Rather, a separate action brought by the Kansas State Board of Nursing under K.S.A. 65-1113 et seq. impacts Kuri's continued right to a state nursing license.

Admittedly, the district court's summary judgment does affect Kuri's right to recover damages for the defendants' alleged civil harms. Though Kuri seeks damages for her civils claims, "[r]esearch has not disclosed any case where a Kansas court has held that a plaintiff has a protected property interest in a civil suit" against private defendants. *Howard v. Kansas Dept. of Corrections*, No. 97,822, 2007 WL 2992506, at *2 (Kan. App. 2007) (unpublished opinion). Therefore, it does not appear that a protected liberty or property interest is at stake. Accordingly, Kuri is only entitled to such procedural due process as is provided by rule or statute.

Kuri argues that summary judgment precluded her right to full discovery.

> "'Ordinarily, a summary disposition of a pending case before the district court should not be granted until discovery is complete. [Citation omitted.]' *Montoy v. State*, 275 Kan. 145, 149, 62 P.3d 228 (2003). 'However, if the facts pertinent to the material issues are not controverted, summary judgment may be appropriate even when discovery is unfinished. [Citation omitted.]' *Med James, Inc. v. Barnes*, 31 Kan. App. 2d 89, 96, 61 P.3d 68, *rev. denied* 275 Kan. 965 (2003). An issue of fact is genuine when it has legal controlling force as to the controlling issue." *National Restoration Co. v. Merit General Contractors*, 41 Kan. App. 2d 1010, 1031, 208 P.3d 755 (2009), *rev. denied* 290 Kan. 1094 (2010).

Here, Kuri did not controvert or dispute the relevant accrual dates of her battery, libel, or slander claims. The accrual dates of each claim are material facts because each date has legal controlling force over whether the statute of limitations expired under

K.S.A. 60-514. Because no genuine issue of material fact exists as to the accrual dates of her claims, the district court did not err in granting summary judgment even though discovery had not been completed. We also note that Kuri had a procedural avenue to contest the granting of summary judgment without discovery having been completed. K.S.A. 2016 Supp. 60-256(f) allows a party opposing summary judgment to submit an affidavit or declaration to the court explaining why "it cannot present facts essential to justify its opposition[.]" Kuri never did this.

Next, Kuri claims that the district court denied her due process by denying her a jury trial. K.S.A. 2016 Supp. 60-238(a) provides: "The right of trial by jury as declared by section 5 of the bill of rights in the Kansas constitution, or as provided by a state statute, is preserved to the parties inviolate." But "[t]he right to a jury trial in a civil proceeding . . . is not absolute." *Waggener v. Seever Systems, Inc.*, 233 Kan. 517, 520, 664 P.2d 813 (1983); *Village Gardens Condominium Owners Assn. v. Leo*, No. 114, 498, 2016 WL 6821955, at *4 (Kan. App. 2016) (unpublished opinion). In appropriate instances, summary judgment is proper for resolving cases when no genuine issues of material fact exist to be resolved at trial and when the disputed facts show the moving party is entitled to judgment as a matter of law. *Drouhard-Nordhus*, 301 Kan. at 622. Here, Kuri does not identify any genuine issues of material fact that should have been tried to a jury nor does she argue that the district court erred in finding that no genuine issue of material fact exists. Therefore, Kuri's contention that the district court's grant of summary judgment denied her due process necessarily fails.

Affirmed.